## Case No. 16,103.
### UNITED STATES v. QUANTITY OF RAGS.

[77 Int. Rev. Rec. 123; 7 Am. Law Reg. (N. S.) 369.]

Circuit Court, S. D. New York.   April, 1868.

VIOLATION OF INTERNAL REVENUE LAWS—ILLICIT DISTILLERY.

[Personal property found in buildings which are in the same enclosure with a building in which an illicit distillery is carried on, and in such juxtaposition to it that the owners thereof could not be ignorant of the existence of the still, is subject to forfeiture under section 48 of the internal revenue law.]

This was an action under the 48th section of the internal revenue law [13 Stat. 240], to forfeit certain personal property, upon the following state of facts: One Young owned a brick house situated upon the part of a city lot; against the rear wall of which a stable had been formerly erected. The adjoining lot was also owned by Young, and had been covered with a wooden building having wide doors at each end constructed and used for a livery stable. The rear of both lots was enclosed together by a single fence across the two, thus forming one enclosure, from which the only access to the street for vehicles was through the livery stable; a small gate opened from the yard in the rear of the lots, and a swinging door had been constructed opening from the rear stable building to the brick house in front; another door opened from the side of the brick house into the livery stable. Young occupied the front brick building as a junkshop, and leased the livery stable to one Sherman for a livery stable, and since that he leased the rear stable to other parties. It appeared that the rear doors of the livery stable were, on Thursday prior to the seizure, found fastened by a spring lock capable of being opened without a key; the snow in the rear then gave evidence of the passing of persons from the livery stable to the rear stable, and in the rear stable was an illicit still with mash in fermentation; on Friday the still was in operation; on Saturday night the officers made a descent upon the place. The lock upon the rear door of the stable was found to have been changed. The distillery was then in full operation under the care of two men both of whom fled through the swinging door into the junk shop, and

thence to the street, where one was arrested. No claim was interposed for the distillery property, but Young claimed the personal property seized in the junk-shop, and Sherman the horses, &c., seized in the livery stable. Both claimants denied any knowledge of the existence of a still in the rear stable. There was evidence that the smell of distillation in the rear building would necessarily be detected throughout the whole place. There was no evidence that either of them was interested in the still.

BENEDICT, District Judge, held, that under section 48 of the internal revenue law, the juxtaposition of the property proceeded against in the same place, or within the same enclosure with the illicit still, was sufficient to forfeit it; provided the owners of the property knew of the existence of the illicit still in the rear stable, and that under the evidence in the case the jury would not be warranted in finding that the existence of the illicit still was unknown to the owner of the place and the keeper of the livery stable. A verdict was accordingly directed in favor of the government.