WOOD et al. v. UNITED STATES.

(Circuit Court of Appeals, Fourth Circuit. February 13, 1913.)

No. 1,129.

1. INDICTMENT AND INFORMATION (§ 91*)—SUFFICIENCY—FELONIES—NECESSITY OF CHARGING FELONIOUS INTENT.

Where a crime is made a felony by statute, it is not necessary to charge in the indictment that it was feloniously committed, unless the statute itself makes a felonious intent an element of the offense.

[Ed. Note.—For other cases, see Indictment and Information, Cent. Dig. §§ 261–265; Dec. Dig. § 91.*]

2. INTERNAL REVENUE (§ 47*)—PROSECUTION FOR VIOLATION OF STATUTE—INDICTMENT.

In an indictment against a distiller for making false entries in a book required to be kept by him as such distiller by Rev. St. § 3303 (U. S. Comp. St. 1901, p. 2155), it is not necessary to allege that the book was one prescribed by the Commissioner of Internal Revenue, nor to set forth the exact entries alleged to be false, in the absence of a motion for a bill of particulars.

[Ed. Note.—For other cases, see Internal Revenue, Cent. Dig. §§ 144–150; Dec. Dig. § 47.*]

3. CRIMINAL LAW (§ 43*)—PROSECUTION FOR VIOLATION OF INTERNAL REVENUE LAW—EFFECT OF PRIOR FORFEITURE OF PROPERTY.

That a distillery owned by a corporation has been forfeited in a proceeding by the United States for a violation of the internal revenue laws is not a bar to the prosecution of a stockholder personally for the same violation, although he is the sole stockholder; nor would it be a bar if the property was in his own name.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 49; Dec. Dig. § 43.*]

4. CRIMINAL LAW (§ 622*)—TRIAL—SEVERANCE.

The granting of a severance in a criminal prosecution of two or more defendants rests in the sound discretion of the trial court.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 1380–1383, 1385, 1386, 1388–1390; Dec. Dig. § 622.*]

5. INTERNAL REVENUE (§ 47*)—DISTILLERY—PROSECUTION FOR VIOLATION OF LAW—EVIDENCE.

An indictment for unlawfully carrying on the business of distillers with intent to defraud the United States, or having a still under their superintendence, is supported by proof that the distillery was owned by a corporation of which defendants were the officers and managers.

[Ed. Note.—For other cases, see Internal Revenue, Cent. Dig. §§ 144–150; Dec. Dig. § 47.*]

In Error to the District Court of the United States for the Eastern District of Virginia, at Richmond; Edmund Waddill, Jr., Judge.

Criminal prosecution by the United States against Clarence B. Wood, John M. Rhea, and Luther W. Williams. From a judgment of conviction, defendants bring error. Affirmed.

George A. Hanson and L. O. Wendenburg, both of Richmond, Va. (Oswald L. Cole, of West Point, Va., on the brief), for plaintiffs in error.

Robert H. Talley, Asst. U. S. Atty., of Richmond, Va.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Before GOFF and PRITCHARD, Circuit Judges, and ROSE, District Judge.

ROSE, District Judge. The plaintiffs in error were the defendants below. They will be referred to as such. An indictment of 16 counts was returned against them and others. They demurred to each count. The demurrer was overruled. They here say that it should have been sustained. As they were convicted on the first and sixteenth counts only, it is unnecessary to consider the sufficiency of any of the others.

The first charged that on certain named dates at a specified locality in the district, they unlawfully did engage in and carry on the business of distillers with intent to defraud the United States of the tax on a part of the spirits distilled by them. The sixteenth alleged that they on certain named dates at a specified place were persons who made and distilled spirits and had a particular described still under their superintendence, and—

"unlawfully and with intent to defraud the United States did make certain false entries in the book required to be kept by them as such distillers under the provisions of section 3303 of the Revised Statutes of the United States (U. S. Comp. St. 1901, p. 2155), to wit, form 13—that is to say, did make entries of the quantity of grain and other material used for the production of spirits, and the number of gallons of spirits distilled, greatly below the true and exact quantity of grain and other materials so used and the number of gallons of spirits so distilled."

[1] The offense charged in each of these counts may be punished by imprisonment for more than a year. Defendants argue that it is therefore made a felony by section 335 of the Penal Code (Act March 4, 1909, c. 321, 35 Stat. 1152 [U. S. Comp. St. Supp. 1911, p. 1687]). Neither count alleges that what is therein charged was feloniously done. The omission is said to be fatal to the validity of the counts.

The government asserts that the above provision of the Penal Code has no application to breaches of the internal revenue laws. We do not find it necessary here to decide whether it has or has not. More than 60 years ago, in United States v. Staats, 8 How. 41, 12 L. Ed. 979, it was ruled that where a crime is made a felony by statute, it is not necessary to charge that it was feloniously committed, unless the statute itself makes a felonious intent an element of the offense.

[2] Defendants say the sixteenth count was bad, because it did not set forth the exact entries alleged to be false, nor give a description of such entries sufficient to bar future prosecutions for the same offense, nor did it allege that the book in which the entries were made was one prescribed by the Commissioner of Internal Revenue.

We are of opinion that the description of the entries was sufficient, in the absence of any request by the defendants for a bill of particulars, and that the statement that the book in which the entries were made was a book required to be kept by them as such distillers under the provisions of section 3303 Revised Statutes of the United States, to wit, form 13, was all that was necessary to show that it was a book which such section required to be kept and the making of false entries in which with intent to defraud or conceal is by section 3305 (U. S. Comp. St. 1901, p. 2156) made an offense.

The demurrers to these counts of the indictment were rightly overruled.

[3] Wood, one of the defendants, filed a special plea in his own behalf. By it he alleged that while the distillery in connection with which the frauds charged against him were said to have been committed stood in the name of the Broad Rock Distilling Company, Incorporated, he was the president, the sole owner, and the sole stockholder of such company, and therefore sole owner of such distillery, and that upon a libel of information against such distillery, filed by the government and charging the same offenses as those alleged in the indictment, the distillery had been forfeited to the government. The United States demurred to this plea. The demurrer was sustained.

There was no error in so doing. The plea was bad, and that for two reasons. If a man for his own convenience chooses to conduct any business through a corporation, he is estopped to say that he and the corporation are one person, and not two. He may not obtain for himself the limitation of liability and the other advantages which flow from the conduct of the business by the corporation, and then when it suits him say that there is no difference between him and the corporation. For the purposes of this case it is immaterial whether Wood owned one share of the corporate stock or all of it. If the forfeiture of the corporate property was a punishment of the stockholder whose interest in the property was thereby taken from him, the holder of one share was punished as well as the holder of all, although the extent of the punishment might differ. Stockholders, innocent or guilty of any personal participation or knowledge of the crime, suffer alike from the forfeiture of the corporate property. It certainly cannot be contended that innocent or guilty they are equally immune from other punishment.

There are many statutes which impose criminal penalties upon both corporate and individual offenders—as, for example, a railroad company which gives a rebate and the officer or agent who actually and knowingly conducts the transaction are made equally guilty. According to the contention of the defendant Wood, an officer or agent of a railroad corporation which had paid a fine for allowing a rebate could not be punished for so doing, if he happened to be a stockholder in the corporation, but could be if he were not.

Secondly, even if Wood had been the owner in his own name of the distillery property, its forfeiture in a civil proceeding in consequence of its having been used by him to defraud the government would have been no bar to his prosecution for the personal crime committed by him. Origet v. United States, 125 U. S. 240, 8 Sup. Ct. 846, 31 L. Ed. 743.

[4] The court refused a severance, asked for by the defendants. They assign error therein. Whether a severance shall or shall not be granted is a matter lying in the sound discretion of the trial court. United States v. Ball, 163 U. S. 672, 16 Sup. Ct. 1192, 41 L. Ed. 300. In this case there was no abuse of such discretion.

There are a number of assignments of error based upon the admis-

sion or rejection of testimony. We have considered each of them. We do no find merit in any of them.

[5] The defendants say that the jury should have been instructed to acquit them, because there was no evidence that they carried on the business of distillers, as charged in the first count, nor that they were persons who had a still under their superintendence, as charged in the sixteenth. Wood was the president of the company which owned and operated the distillery. Williams was the man who actually did the distilling. Rhea was the man to whom the whisky which had not paid the tax was delivered and by whom it was sold. A corporation can only act through human agencies. If the persons who actually direct and commit the frauds upon the government are not distillers or persons having superintendence of a still, as charged in the counts of the indictment under consideration, no one can ever be in those cases in which the distillery belongs to and is operated by a corporation. Speaking with precise technical accuracy, it may be said that what happened was that the corporation committed these offenses and that the defendants and each of them knowingly, willfully, and actively aided, abetted, and procured their commission. There is abundant evidence in the record from which the jury might find that that was precisely what these defendants did. If so, by the express language of section 332 of the Penal Code (Act March 4, 1909, c. 321, 35 Stat. 1152 [U. S. Comp. St. Supp. p. 1686]) they became principal offenders and were properly indictable and punishable as such.

Defendants also assign error to the action of the court in giving and refusing to give instructions to the jury. We do not perceive that any prejudicial error was made. As usual in such cases, particular instructions are criticised because they do not themselves contain all the applicable law of the case, and complaint is made that the court did not give some possibly correct instruction in the very language in which defendants asked for it. In our opinion, the instructions which were given as a whole accurately and fully stated the law of the case and substantially embodied everything for which defendants had rightfully asked. Nor were any of the instructions so worded as to make it at all likely that the jury could have been in any wise misled by them.

It follows that the judgment below must be affirmed.

Affirmed.