PINASCO v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. January 5, 1920.)

No. 3379.

1. INTERNAL REVENUE ⟨⇒⟩12—LICENSE REQUIREMENTS NOT REPEALED BY REED AMENDMENT.

Internal revenue statutes, penalizing persons for distilling spirituous liquors without giving bond and notice in writing to the collector, etc., were not repealed by the Reed Amendment of March 3, 1917 (Comp. St. 1918, §§ 8739a, 10387a–10387c), relating to shipments of liquor in interstate commerce.

2. INTERNAL REVENUE ⟨⇒⟩12—LICENSE REQUIREMENTS UNAFFECTED BY WAR-TIME PROHIBITION ACT.

A prosecution for violating, on January 3, 1919, the internal revenue statutes, penalizing distillation of spirituous liquors without giving bond

and notice to the collector, etc., was unaffected by War-Time Prohibition Act Nov. 21, 1918, since that act did not take effect until May 1, 1919.

3. INTERNAL REVENUE ⊕12—LICENSE REQUIREMENT UNAFFECTED BY STATE PROHIBITION LAW.

A conviction under the federal statutes penalizing the distillation of spirituous liquors without giving bond and notice to the collector, etc., is not precluded by the fact that the violation occurred in a state which had prohibited the manufacture of intoxicating liquors under any circumstances.

4. INTERNAL REVENUE ⊕47—ELECTION BETWEEN INDIVIDUAL PROSECUTION AND FORFEITURE PROCEEDINGS UNNECESSARY.

The government cannot be required to elect whether it will proceed under an indictment charging violation of the internal revenue laws in distilling spirituous liquor without having given bond, etc., or proceed under a pending suit seeking forfeiture of the distillery, etc., pursuant to Rev. St. § 3257 (Comp. St. § 5993).

In Error to the District Court of the United States for the Northern Division of the Western District of Washington; Jeremiah Neterer, Judge.

Guiseppi Pinasco was convicted of distilling liquor contrary to the internal revenue laws, and appeals. Affirmed.

Wilmon Tucker, George H. Rummens, and William R. Bell, all of Seattle, Wash., for plaintiff in error.

Robert C. Saunders, U. S. Atty., and Charlotte Kolmitz, Asst. U. S. Atty., of Seattle, Wash.

Before GILBERT, ROSS, and HUNT, Circuit Judges.

GILBERT, Circuit Judge. [1, 2] The plaintiff in error was convicted under four counts of an indictment which charged him with violation of the internal revenue laws of the United States, in that (1) on January 3, 1919, at a place named, he unlawfully and feloniously carried on the business of a distiller without having given bond as required by law; (2) that at the same time and place he was engaged in the business of distilling without having given notice in writing to the collector of internal revenue, as required by section 3259, Rev. Stat. (Comp. St. § 5995); (3) that at the same time and place he unlawfully made and fermented certain mash for distillation in a dwelling house, which was not an authorized distillery; (4) that at the same time and place he unlawfully used a certain still for distilling in a dwelling house. There was a motion to quash the indictment, one of the grounds of which was that the statutes under which the indictments were laid had been repealed by the act of March 3, 1917, commonly known as the Reed Amendment. The Reed Amendment (39 Stat. 1069 [Comp. St. 1918, §§ 8739a, 10387a–10387c]) provides that liquor in interstate commerce shall not be shipped into any state contrary to the laws of such state, and does not purport to make unlawful the distillation of spirituous liquor. Nor does the War-Time Prohibition Act of November 21, 1918 (40 Stat. 1045, c. 212), affect the question here involved, for that act by its terms was not to take effect until May 1, 1919, and the offenses with which the plaintiff in error is charged occurred on January 3,

1919. But the prohibition law of the state of Washington became effective on January 1, 1916, and it prohibits all manufacture and distillation of spirituous liquor within the state.

[3] It is contended that inasmuch as the purpose of the internal revenue law is to raise revenue only, and the adoption of prohibition by the state of Washington makes it impossible for any one in that state to procure a license to distill intoxicating liquors, it is a legal absurdity to say that a man may be punished criminally for failure to secure a license or give a bond therefor, or otherwise to comply with the federal statutes. A similar contention was made and adversely answered in License Tax Cases, 5 Wall. 462, 18 L. Ed. 497, where, upon a certificate from the Circuit Court of Massachusetts certifying that the defendant was indicted for carrying on the business of retailing liquors without a license, and it appeared that the defendant was a retail dealer as charged, and that the business was prohibited by the laws of Massachusetts, the question presented was whether the defendant could be legally convicted upon the indictment for not having complied with the act of Congress by taking out the required license to carry on the business. The court held that the recognition of the power of the state to prohibit the business was consistent with an intention on the part of Congress to tax such business for national purposes, and that it was not necessary to regard the acts of Congress as giving authority to carry on the prohibited business within the state in which it was prohibited. Said the court:

"There is nothing hostile or contradictory, therefore, in the acts of Congress to the legislation of the states. What the latter prohibits, the former, if the business is found existing notwithstanding the prohibition, discourages by taxation. The two lines of legislation proceed in the same direction, and tend to the same result. It would be a judicial anomaly, as singular as indefensible, if we should hold a violation of the laws of the state to be a justification for the violation of the laws of the Union."

[4] The plaintiff in error moved the court below that the government be required to elect whether it would proceed under the indictment or try another proceeding then pending in the same court, wherein the government sought to declare forfeited under section 3257, Rev. St. (Comp. St. § 5993), the distillery, apparatus, distilled spirits, and material on the premises of the plaintiff in error, and error is assigned to the denial of that motion. It is sufficient to say in answer to this that no case was made for election of remedies. There was no ground to require the district attorney, while proceeding to prosecute the plaintiff in error under the indictment, to say that he would dismiss the forfeiture proceeding. If the government could not lawfully pursue both proceedings, that defense was thereafter available in bar of the forfeiture proceeding. Coffey v. United States, 116 U. S. 436, 6 Sup. Ct. 437, 29 L. Ed. 684, is authority for the proposition that an acquittal under an indictment under section 3257 is conclusive in favor of the accused on a subsequent trial of a suit in rem for forfeiture, where the existence of the same act or fact is the matter in issue. But that is far from saying that a conviction on an indictment under section 3257 may be availed of as a defense to a civil action

for forfeiture based upon the same acts or transactions. That question, however, although discussed in the briefs in the present case, is not properly here for decision on a review of the ruling of the court below upon the motion to elect. We find no error.

The judgment is affirmed.