## UNITED STATES v. ONE MACHINE FOR CORKING BOTTLES, etc.

(District Court, W. D. Washington, N. D.    April 26, 1920.)

No. 4537.

1. **Criminal law ⬥163—Forfeiture proceeding after conviction for illicit distilling, not objectionable as a double penalty.**

   That defendant had been convicted of illicit distilling does not deprive the court of authority to condemn or forfeit the property involved, under the rule against invoking a double penalty or punishing defendant twice for the same offense; the forfeiture proceeding being a proceeding in rem, and comprehended within the penalty fixed by statute.

2. **Internal revenue ⬥46—Forfeiture for illicit distilling not limited to property used in the illegal operation, "personal property."**

   Money and a cashier's check found on premises of one convicted of illicit distilling, in such relation to the contraband articles and apparatus used in the operation of distilling as to raise a clear inference that they were the proceeds of the illegal enterprise, and used in the operation and carrying forward of such business, *held* subject to forfeiture, as against the objection that such property was not used in the operation of the illegal enterprise; for money, as well as a certified check, is "personal property," within Rev. St. §§ 3258, 3281, 3453 (Comp. St. §§ 5994, 6021, 6355).

   [Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Personal Property.]

Forfeiture Libel. Proceeding by the United States against One Machine for Corking Bottles, etc. Property decreed forfeited.

Robert C. Saunders, U. S. Atty., of Washington, D. C.

Wm. R. Bell, of Seattle, Wash., for defendant.

NETERER, District Judge. A libel of information was filed, praying condemnation and forfeiture of corking machine, shotgun, copper kettles, rubber hose, $1,100 in currency, one cashier's check for $600 unindorsed, copper still, and other property, all of which it is charged were used and intended to be used in the manufacture of distilled spirits contrary to law.

The defendant by answer admits the ownership of the property, and that it was found in a building belonging to the claimant, admits that it was taken possession of by the agents of the government, together with approximately 400 gallons of wine and 16 gallons of raisin brandy, and further states his readiness and willingness to pay to the collector of internal revenue whatever may be determined just and proper, "in

settlement of his civil and criminal liability under section 3229 of the Revised Statutes [Comp. St. § 5952], * * *" and prays return of the property.

[1] The defendant was indicted, being charged with violation of section 3281 (Comp. St. § 6021), carrying on the business of a distiller without complying with the statute. He was duly tried and convicted, and conviction was affirmed by the Circuit Court of Appeals (Pinasco v. U. S., 262 Fed. 400), and forfeiture is sought pursuant to the provisions of statute. At the time of the trial of this case it was conceded by counsel for the defendant that the allegations of the libel were true, and consented to forfeiture of all property except the money and check, as to which authorities were to be presented challenging the government's right. It is now contended in the argument presented that the defendant, having been convicted under an indictment involving the very same acts and evidence involved herein, that the court is without authority to condemn or forfeit the property involved, and that it would be invoking a double penalty, or punishing the defendant twice for the same offense, and that the property sought to be condemned is not included within the scope of the statute. As to the double penalty, suffice it to say that this is a proceeding in rem, and is comprehended within the penalty fixed by statute. U. S. v. 3 Copper Stills (D. C.) 47 Fed. 495; Wood v. U. S., 204 Fed. 55, 122 C. C. A. 369.

[2] Section 3281 (Comp. St. § 6021) provides that—

"All personal property owned by or in possession of any person who has permitted or suffered any buildings * * * to be used for purposes of ingress or egress to or from such distillery, which shall be found in any such building, yard, or enclosure, and all the right, title, and interest of every person in any premises used for ingress or egress to or from such distillery, who has knowingly suffered or permitted such premises to be used for such ingress or egress, shall be forfeited to the United States."

Section 3258 (Comp. St. § 5994) provides that—

"Every still or distilling apparatus not so registered, together with all personal property in the possession or custody, or under the control of such person, and found in the building, or in any yard or enclosure connected with the building in which the same may be set up, shall be forfeited."

Section 3453 (Comp. St. § 6355) provides that—

"All goods, wares, merchandise, articles, or objects, on which taxes are imposed, which shall be found in the possession, or custody, or within the control of any person, for the purpose of being sold or removed by him in fraud of the Internal Revenue Laws, or with design to avoid payment of said taxes, may be seized by the collector or deputy * * * and shall be forfeited to the United States; * * * and all tools, implements, instruments, and personal property whatsoever, in the place or building, or within any yard or enclosure where such articles or raw materials are found, may also be seized by any collector * * * as aforesaid, and shall be forfeited. * * *"

Each section provides for a forfeiture of all property.

Defendant seeks to apply the rule ejusdem generis to the interpretation of the provisions of the statute, limiting it to property only which was used in the operation of the illegal enterprise, and cites, in support

of his contention, Creditor's Collection Association v. Bisbee, 80 Wash. 358, 141 Pac. 886, in the state Supreme Court. While this case has no application, it is proper to say that it was reversed by the Supreme Court in Lemagie v. Acme Stamp Works, 98 Wash. 34, 167 Pac. 60. At 98 Wash. 38, 167 Pac. 62, the Supreme Court, referring to the Creditor's Collection Ass'n v. Bisbee, supra, said:

"That case has been severely critized. In re Crook, 219 Fed. 979, Neterer, District Judge, where the cases cited and relied upon as sustaining the decision in the Bisbee Case were analyzed and interpreted differently. In Hills v. Joseph, 229 Fed. 865, on an appeal from a similar decision by Neterer, District Judge, where the debtor selected merchandise from his stock, involving the same subdivision of the exemption statutes, Rudkin, J., for the Circuit Court of Appeals, also analyzes and distinguishes the questions involved * * *"

—and affirmed the lower court. And (98 Wash. at page 41, 167 Pac. 63), the Supreme Court said:

"Since no long-established public practice has evolved upon the decision in the case of Creditors' Collection Association v. Bisbee, supra, and no rule of property has grown up thereon, we feel under no necessity of observing the rule of stare decisis in this case, nor any compunction in overruling it. We feel compelled to overrule that case in order to promulgate the correct rule of law for the future."

Money is personal property (In re Crook, supra), as well as a certified check. A reading of the several provisions of Congress, with relation to the forfeiture of personal property found upon the premises in which illicit spirits are distilled, makes clear the intent to forfeit personal property, whether it is subject to the special tax or not. The money and the check were found in such a relation to the contraband articles and apparatus, from which a clear inference can be made to justify the conclusion that it was the proceeds of the illegal enterprise, and used in the operation, and carrying forward of such business.

I think the right to forfeit this property is clearly contemplated by the laws of the United States. U. S. v. Quantity of Rags, 27 Fed. Cas. 638.

Form of decree may be presented.