## GALLAGHER v. UNITED STATES.

(Circuit Court of Appeals, Second Circuit. March 16, 1925.)

No. 129.

1. Intoxicating liquors ⊕⟿255—To sustain petition for return of liquor unlawfully seized petitioner must have been in possession.

In the case of the unlawful seizure of liquors, themselves unlawfully possessed, if any one is entitled to their summary return, under either National Prohibition Act, tit. 2, § 25 (Comp. St. Ann. Supp. 1923, § 10138½m) or Search Warrant Act, tit. 11, § 16 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 10496¼p), it is only the person whose possession has been disturbed.

2. Intoxicating liquors ⊕⟿255—Proceeding for return of liquors seized is possessory.

A summary proceeding for return of liquor unlawfully seized is purely possessory, and its sole purpose is to restore the status quo.

3. Intoxicating liquors ⊕⟿255—Liquor unlawfully possessed not subject to motion to return.

Under the provisions of National Prohibition Act, tit. 2, § 33 (Comp. St. Ann. Supp. 1923, § 10138½t), that the possession of liquor by one not legally permitted shall be prima facie evidence that it is being kept for the purpose of disposition in violation of the act, and section 25, tit. 2 (Comp. St. Ann. Supp. 1923, § 10138½m), that no property rights shall exist in liquor so kept, the unlawful owner may not

reclaim the liquors by virtue of his title, but must succeed, if at all, because of the violation of his possession.

In Error to the District Court of the United States for the Southern District of New York. ·

Proceeding by William Gallagher against the United States for the return of liquor seized under a search warrant. From an order denying the petition, petitioner brings error. Affirmed.

Edward W. McDonald, of New York City (Ezra P. Prentice and Maitland Dwight, both of New York City, of counsel), for plaintiff in error.

William Hayward, U. S. Atty., of New York City (Elmer H. Lemon, Sp. Asst. U. S. Atty., of Newburgh, N. Y., of counsel), for the United States.

Before ROGERS, HOUGH, and HAND, Circuit Judges.

HAND, Circuit Judge. · On April 3, 1923, the District Court issued a search warrant to enter the premises then alleged to be occupied by the "Old Dominion Warehouse, Inc.," a New York corporation, and there to seize "certain intoxicating liquor," described no further. The warrant was issued on an affidavit by one Grill, who swore that on March 29, 1923, he saw a truck on which were loaded "10 or 12" barrels of intoxicating liquor, and which drove into the premises occupied by the Old Dominion Warehouse; that he knew the contents of the barrels to be intoxicating, because he could smell it; that he had examined the records of the "Prohibition Headquarters" in Manhattan, and that the warehouse had no permit for the premises. On April 7, 1923, armed with the warrant, Grill searched the premises and seized 4,667½ cases of "various kinds of intoxicating liquors." Nothing anywhere appears to identify any part of the liquor seized with the contents of the barrels. The liquor in the cases would fill more than 12 barrels.

Gallagher thereupon moved for a return of the liquor so seized. In his affidavit he swore that he was "manager" of the "Dominion Warehouse," which was engaged in a general warehousing business; that he was the "owner" of the cases of liquor seized, and that no barrels had ever been unloaded in the warehouse. He said nothing as to his possession of the liquor seized.

We shall assume for argument that the seizure was unlawful, reserving any decision on the questions involved until they are presented. Did the warrant describe the property to be seized with the requisite particularity, and was it confined to the allegations of the affidavit on which alone it could rest? Did the seizure of more liquor than could have been contained in the barrels described in the affidavit make the whole seizure a trespass ab initio? Was the liquor identified as that described in the warrant, assuming any was in fact there described? Assuming that Gallagher succeeds on all these points, we still think the papers fatally defective, because they do not show that he was in possession of the liquors at the time they were seized.

He only asserts that he was the owner of the liquors and the manager of the warehouse. As owner he was not in possession, because prima facie the Dominion Warehouse was bailee, and he was the bailor; its possession was not his. On the other hand, as manager he was merely an agent of the warehouse, and not in possession of its stores. Perhaps a fuller disclosure of his relations would show that he was in fact in possession of the liquors seized, but we must decide this case on the record.

[1] All we hold is that in the case of an unlawful seizure of liquors, themselves unlawfully possessed, if anyone be entitled to their summary return under either section 25 of title 2 of the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138½m) or section 16 of the Search Warrant Act (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 10496¼p), he is only the person whose possession has been disturbed. We do not, therefore, intimate that either Gallagher or the warehouse would not succeed in a summary proceeding, if he or it were to file a verified petition, alleging actual possession at the time of the seizure, and, if that allegation were proved, should it be controverted. We have already said as much in Re Silver Slipper Co. and in Re Hollywood Cabaret, 5 F.(2d) 651, recently decided. We did not decide there, and do not decide here, whether or not in such a case it is an answer to the illegality of the seizure that the possession, if restored by the court, would itself be unlawful and a crime.

[2] The summary proceeding is necessarily statutory, and so far as we can see must arise from section 25 of title 2 of the National Prohibition Act or section 16 of title 11 of the Search Warrant Act, as we have just suggested. It is purely possessory, since its sole effect is to restore a status quo unlawfully violated under color of law. As

such it is indeed doubtful whether questions of title can ever arise in it, or whether a bailor can in any event invoke it. However, we need not go so far. Perhaps the interest of the owner might be enough to give him a vicarious standing, at least to secure restoration to the bailee. Even so, his title must be good, and, as we view it, Gallagher has no title.

[3] Section 33 of title 2, National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138½t) provides that "the possession of liquor by any person not legally permitted" under the act "to possess liquor shall be prima facie evidence that such liquor is kept for the purpose of being * * * disposed of in violation of" the act. On this record the warehouse was in possession without a permit, and the liquors were therefore presumptively being held for the purpose of violating the act. Section 25 of title 2 (Comp. St. Ann. Supp. 1923, § 10138½m) provides that it shall be unlawful "to have or possess any liquor * * * intended for use in violating" the act, "and no property rights shall exist in any such liquor." Thus the liquors in question, being prima facie so intended, were unlawfully possessed by the warehouse, and neither Gallagher nor any one else could have any "property rights" in them.

It follows, as we have said, that Gallagher has no title which we may recognize. We need not consider how far for any purpose one may have "property" in liquors, or whether the provision of section 25 is limited to the administration of the Prohibition Law. People v. Otis, 235 N. Y. 421, 139 N. E. 562. The case at bar arises as an incident in the administration of that law, and the provision is here to be taken literally. Therefore, on this record, we agree in result with the learned District Judge, and the order is affirmed.

Order affirmed.