## UNITED STATES v. VARIOUS ITEMS OF PERSONAL PROPERTY, etc.

### No. 188.

Circuit Court of Appeals, Second Circuit.
April 14, 1930.

Lewis Landes, of New York City, for appellants.

Richard H. Templeton, U. S. Atty., of Buffalo, N. Y. (Justin C. Morgan, Asst. U. S. Atty., of Buffalo, N. Y., of counsel), for the United States.

Before MANTON, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

SWAN, Circuit Judge (after stating the facts as above).

The judgment of forfeiture is challenged upon several grounds: (1) The seizure by the Prohibition Administrator was illegal; (2) no tax was payable under section 600(a) of the Revenue Act; (3) if such a "tax" was payable, it was in reality a penalty and so not within the contemplation of sections 3257 and 3281 of the Revised Statutes; (4) those sections are in direct conflict with the National Prohibition Act (27 USCA) and are no longer in force; and (5) the conviction of Waterloo Distilling Corporation is a bar to the libel of forfeiture.

1. Legality of the seizure is attacked upon the ground that a prohibition officer is not an internal revenue officer and only the latter may make a valid seizure for a violation of the revenue laws. But we need not pass upon the merits of this argument, because, if the seizure were illegal, the government could adopt it for purposes of a libel of forfeiture. United States v. One Ford Coupé, 272 U. S. 321, 325, 47 S. Ct. 154, 71 L. Ed. 279, 47 A. L. R. 1025; Dodge v. United States, 272 U. S. 530, 47 S. Ct. 191, 71 L. Ed. 392; United States v. One Ice Box, 37 F.(2d) 120 (D. C. N. D. Ill.). Here it was adopted. We do not understand that the authority of the Commissioner of Prohibition to sanction the proceedings, as· required by section 3214, Rev. St. (26 USCA § 143), is questioned; nor could it be, in view of the Act of March 3, 1927 (5 USCA § 281c).

2. It is claimed that no tax was payable under section 600(a) of the Revenue Act of 1918 as amended (26 USCA § 245). Waterloo Distilling Corporation was authorized under its permits to distill pure alcohol and to denature it. No tax is imposed on alcohol withdrawn bona fide for denaturing, or on alcohol lawfully denatured (27 USCA §§ 80, 81). But said section 600(a), as amended (26 USCA § 245(4), provides:

"(4) On and after February 26, 1926, on all distilled spirits which are diverted to beverage purposes or for use in the manufacture or production of any article used or intended for use as a beverage there shall be levied and collected a tax of $6.40 on each proof gallon or wine gallon when below proof, and a proportionate tax at a like rate on all fractional parts of such proof or wine gal-

lon, to be paid by the person responsible for such diversion. If a tax at the rate of $2.20, $1.65, or $1.10 per proof or wine gallon has been paid upon such distilled spirits a credit of the tax so paid shall be allowed in computing the tax imposed by this paragraph."

The diversion to beverage purposes claimed by the government to have given rise to a tax under this section is set forth in the statement of facts. Appellants argue that this type of diversion is not within the words of the statute because (a) pure alcohol (distilled spirits), as such, was not diverted to beverage purposes, and (b) specially denatured alcohol (the "article" manufactured from distilled spirits) was not used or intended for use as a beverage. This argument cannot prevail. Its first branch assumes that diversion of the pure alcohol must be direct; that is, that the alcohol must be used as a beverage without passing through any non-potable state before being so used. What language of the statute justifies this assumption? It would seem that the pure alcohol was diverted to beverage purposes when removed from the distillery or warehouse with intent that it should ultimately be used for such purposes, although in the meantime denaturants were to be inserted by the distiller and subsequently removed by purchasers from it or by persons unknown. The government, however, does not insist upon this construction, but relies upon the second clause of the statute. Under this clause the article manufactured must be used or intended for use as a beverage. But we do not think that this means, as appellants contend, that it must be fit for use as a beverage without further treatment. Such a construction would be too narrow to protect the government against evasion of taxes. In United States v. Stowell, 133 U. S. 1, 12, 10 S. Ct. 244, 245, 33 L. Ed. 555, Mr. Justice Gray said:

"By the now settled doctrine of this court (notwithstanding the opposing dictum of Mr. Justice McLean in U. S. v. [Eighty Four Boxes of] Sugar, 7 Pet. 453, 462, 463 [8 L. Ed. 745]), statutes to prevent frauds upon the revenue are considered as enacted for the public good, and to suppress a public wrong, and therefore, although they impose penalties or forfeitures, not to be construed, like penal laws generally, strictly in favor of the defendant; but they are to be fairly and reasonably construed, so as to carry out the intention of the legislature."

Section 485 of title 26 USCA is referred to in support of appellants' argument, but we are unable to see its materiality—assuming it to be still in force, as to which we ex-

press no opinion. See editorial comment under 26 USCA § 481. The section invoked declares the punishment of one who attempts to "clean" denatured alcohol. It has no bearing on what constitutes diversion so as to create tax liability under section 600(a).

Nor is it material that the diversion was also a violation of section 4, title 2, of the National Prohibition Act (27 USCA § 13). The intent of Congress to levy taxes upon illicit intoxicating liquor was put beyond question by the enactment of the Willis-Campbell Act (27 USCA § 3) after the decision of United States v. Yuginovich, 256 U. S. 450, 41 S. Ct. 551, 65 L. Ed. 1043. See United States v. Stafoff, 260 U. S. 477, 43 S. Ct. 197, 67 L. Ed. 358; also 27 USCA §§ 52, 53, 86. We cannot doubt that in amending, in 1926, section 600(a) (26 USCA § 245), to read as above quoted, Congress intended to tax alcohol diverted to beverage purposes even though the diversion was also a criminal offense under the Prohibition Act.

■ 3. The next contention of appellants is that the "tax" imposed is in reality a penalty, and so not within the contemplation of sections 3257 and 3281 of the Revised Statutes (26 USCA §§ 261, 193). Lipke v. Lederer, 259 U. S. 557, 42 S. Ct. 549, 66 L. Ed. 1061, and Regal Drug Corporation v. Wardell, 260 U. S. 386, 43 S. Ct. 152, 67 L. Ed. 318, are relied upon. Those cases held that section 3224, Rev. St. (26 USCA § 154), forbidding suits to enjoin collection of a tax, did not apply to a so-called tax which was really a penalty for illegally selling liquor. We do not see their relevancy to the present controversy. The argument in brief is that no tax, but only a penalty, can be laid on distilled spirits illegally diverted. Much the same contention was advanced in United States v. One Ford Coupé, 272 U. S. 321, 328, 47 S. Ct. 154, 156, 71 L. Ed. 279, 47 A. L. R. 1025, and there rejected, the court saying:

"A tax on intoxicating liquor does not cease to be such because the sovereign has declared that none shall be manufactured, and because the main purpose in retaining the tax is to make law breaking less profitable." We must likewise reject it.

■ 4. The judgment is challenged on the theory that sections 3257 and 3281 (26 USCA §§ 261, 193) are in direct conflict with section 25 and section 22 of title 2 of the Prohibition Act (27 USCA §§ 39 and 34), in which event the latter prevail (27 USCA § 3). Section 25 (27 USCA § 39) relates to property seized under a search warrant and makes the property so seized sub-

ject to such disposition as the court may order. Had there been such a, seizure that section might preclude forfeiture under the revenue laws. Cf. Commercial Credit Co. v. United States, 276 U. S. 226, 48 S. Ct. 232, 72 L. Ed. 541. But that question is not before us and need not be passed upon. In the present case there is no conflict between the Prohibition Act and section 3257 (26 USCA § 261). No proceedings had been begun under that Act which might end in forfeiture of the property libelled. See United States v. One Ford Coupé, supra; Commercial Credit Co. v. United States, supra. There is even less basis for claiming a direct conflict between section 22 (27 USCA § 34) and section 3281 (26 USCA § 193).

5. The final contention is that conviction of Waterloo Distilling Company upon a charge of conspiracy to violate the National Prohibition Act—see United States v. Austin-Bagley Corp. (C. C. A.) 31 F.(2d) 229—operates as a bar to a libel for forfeiture under said sections 3257 and 3281 (26 USCA §§ 261, 193). Reliance is placed upon the following language of the Willis-Campbell Act (27 USCA § 3):

" * * * But if any act is a violation of any of such laws [revenue laws] and also of this title [National Prohibition Act], a conviction * * * under one shall be a bar to prosecution therefor under the other."

It is argued that this saving clause was unnecessary if it be confined to criminal prosecutions, for two convictions are prohibited by the constitutional protection against double jeopardy; hence it should be construed to include civil actions for fines or forfeitures. We do not consider the argument convincing, even if it be assumed that conviction on the conspiracy charge should be deemed equivalent to conviction under the Prohibition Act in considering this question. "Conviction" and "prosecution" are words aptly chosen to refer to criminal proceedings. Even if the words may be extended to cover a civil proceeding to collect a fine, as seems to have been held in La Franca v. United States, 37 F.(2d) 269 (C. C. A. 5), we do not think they embrace a libel of forfeiture against property, where "it is not so much the owner as the property that offends." Words of Chief Justice Taft in Carroll v. United States, 267 U. S. 132, 158, 45 S. Ct. 280, 69 L. Ed. 543, 39 A. L. R. 790. Under the old law, conviction of the owner for criminal violation of the revenue statutes did not prevent another proceeding for condemnation of the forfeited property, nor forfeiture

bar conviction. United States v. Three Copper Stills, 47 F. 495 (D. C. Ky.); United States v. One Machine for Corking Bottles, 267 F. 501 (D. C. N. D. Wash.); United States v. Olsen, 57 F. 579 (D. C. N. D. Cal.); Wood v. United States, 204 F. 55 (C. C. A. 4). Such authorities as have come to our attention indicate that the rule is not different when the conviction is under the National Prohibition Act (27 USCA). United States v. 385 Barrels of Wine, 300 F. 565 (D. C. S. D. N. Y.); United States v. One Ice Box, supra. See Murphy v. United States, 38 F. (2d) 441 (C. C. A. 7).

Judgment affirmed.