## ROTHMAN v. CAMPBELL.

District Court, S. D. New York.

Aug. 1, 1930.

M. Michael Edelstein, of New York City, for plaintiff.

Charles H. Tuttle, U. S. Atty., of New York City (Ulysses S. Grant, of New York City, of counsel), for defendant.

MACK, Circuit Judge.

On February 28, 1930, police officers of the city of New York, acting without a search warrant, entered and searched plaintiff's restaurant in Manhattan, seized certain liquors, and arrested plaintiff on a charge of violating the National Prohibition Act. The liquors were turned over to defendant, as prohibition administrator, and are now in his possession. On March 12, 1930, plaintiff appeared before the United States commissioner for the Southern district of New York and successfully challenged the legality of the seizure and arrest, and thereby secured his discharge. He then brought a bill in equity against the present defendant asking that the latter be directed to return the seized property, and, on an order to show cause, which restrained the destruction of the liquor or any further proceedings in connection therewith, moved for a temporary mandatory injunction on the grounds that defendant was admittedly insolvent and that there was a likelihood that the liquors in question might spoil, be destroyed, or that storage charges might accrue. In opposition, defendant submitted an affidavit admitting the seizure by police officers, the ratification of the seizure by him, and the possession of the liquor. He further deposed that such liquor was in the same condition as when seized, that it would not be interfered with except by an order of this court, and that it was adequately

bottled and corked so that it would not spoil. Both parties are alleged to be residents of New York state, and jurisdiction is founded upon an alleged violation of plaintiff's constitutional rights and privileges under claim of authority of the National Prohibition Act concerning property whose value exceeds $3,000.

Plaintiff contends: (1) That he cannot replevy the liquor because replevin is prohibited by Rev. Stat. § 934 (28 U. S. C. § 747 [28 USCA § 747]); (2) that an action for conversion is not an adequate remedy because in such action he could recover only damages, would be required to prove a right to possession, whereas in a proceeding for the return of liquor seized under an invalid search warrant he would have to prove merely possession at the time of seizure, that to require proof of a right to possession is a violation of his constitutional rights and privileges, and, lastly, because defendant is admittedly insolvent; and (3) that, where defendant is not an officer of the court and the remedy at law is inadequate, a suit in equity for the return of the property will lie.

Defendant contends: (1) That, inasmuch as he was enjoined by the restraining order from instituting forfeiture proceedings, he can do nothing with the liquor until the present motion is decided and the restraining order vacated; (2) that there is no statutory authority for the present suit against him in his official capacity as prohibition administrator, and that the court should mero motu dismiss the motion in so far as such relief is asked; (3) that, since under section 25 of title 2, of the National Prohibition Act (27 USCA § 39), property rights in contraband liquor cannot exist, and inasmuch as the admissions in plaintiff's bill indicate that the liquor here involved was illegally possessed, it has no legal value, and the requisite jurisdictional amount is not involved; (4) that these admissions of illegal possession also constitute proof of "unclean hands," warranting the dismissal of the bill; (5) that the statute and policy prohibiting a replevin action likewise inhibit a bill in equity for the return of seized property; (6) that the plaintiff has an adequate remedy at law in a suit in trespass for damage; (7) that plaintiff's proper remedy is to institute a special proceeding by petition or order to show cause asking that defendant be required to begin libel proceedings within a certain time or to abandon the seizure and return the property to plaintiff; and (8) that, since

the grant of a temporary injunction is wholly discretionary, the present motion should not be granted on the ground that such a special proceeding would be a more suitable method of obtaining relief.

1. The case at bar is an interesting sequel to Matter of Behrens, 39 F.(2d) 561, 562 (C. C. A. 2d), decided March 3d, 1930. In that case there had been an alleged unlawful seizure, likewise without a warrant, and the property had been turned over to the prohibition administrator. The owner petitioned the court for the suppression of the evidence, the return of the property, and an injunction pendente lite against its destruction. The whole problem of the jurisdiction of the District Court to control the disposition of property illegally held by an administrative official, not an officer of the court, was analyzed and the cases reviewed. It was held that, when forfeitable property is seized without a warrant and held by prohibition officers, the legality of their seizure was to be determined in the forfeiture proceedings and not on summary motion for an order directing the return of property. The court pointed out that the prohibition administrator was not an officer of the court, and that there was no jurisdiction to order the return of such property by summary motion. In discussing the nature of the jurisdiction which might be exercised over such official, the court said:

"The National Prohibition Act, by section 25 of title 2 (41 Stat. 315, 27 USCA § 39), and section 16 of title 11 of the Espionage Act (40 Stat. 229, 18 USCA § 626), provide a summary remedy for the return of property illegally seized on search warrant. Gallagher v. United States, 6 F.(2d) 758 (C. C. A. 2); Cogen v. United States, 278 U. S. 221, 226, 49 S. Ct. 118, 73 L. Ed. 275. Section 26 of title 2 of the National Prohibition Act (27 USCA § 40) provides for seizure, without a warrant, of vehicles engaged in the illegal transportation of liquor, and for the disposition of such property after the conviction of the person in charge of the vehicle. See Margie v. Potter, 291 F. 285 (D. C. Mass.). *But the National Prohibition Act is strangely silent as to the seizure or the forfeiture of property declared by the act to be contraband, not seized on warrant or in transportation.* It is such type of seizure with which this appeal is concerned, and no statutory provision has been discovered which gives the court jurisdiction to determine in a summary proceeding the legality of the seizure, unless it be section 934, Revised Statutes (28 USCA § 747). That section provides:

"'All property taken or detained by any officer or other person, under authority of any revenue law of the United States, shall be irrepleviable, and shall be deemed to be in the custody of the law, and subject only to the orders and decrees of the courts of the United States having jurisdiction thereof.'

"In view of section 5 of the Willis Campbell Act (42 Stat. 223 [27 USCA § 3]) and the decisions of the Supreme Court in Maryland v. Soper, 270 U. S. 9, 46 S. Ct. 185, 70 L. Ed. 449, and United States v. One Ford Coupe, 272 U. S. 321, 47 S. Ct. 154, 71 L. Ed. 279, 47 A. L. R. 1025, we entertain no doubt that section 934 (28 USCA § 747) is applicable to seizures by prohibition agents of property subject to be taken under authority of any revenue law in force when the National Prohibition Act was enacted and not directly in conflict therewith. \* \* \*

"The section under discussion makes the property irrepleviable and subject to the orders of the 'courts of the United States having jurisdiction thereof.' This latter clause means the court having jurisdiction of proceedings for condemnation of the property, which would seem to be the District Court of the district in which the seizure was made. [Cases.] Hence we conclude that the District Court has jurisdiction to direct the officer who detains the seized property as to its disposition. This is perfectly clear after process in forfeiture proceedings has been issued. See cases cited in United States v. Hee, 219 F. 1019, 1021 (D. C. N. J.). Before such process has been issued, jurisdiction exists to order the officer to elect either promptly to institute proceedings for forfeiture or to abandon the seizure and return the property. \* \* \*

"If the delay in instituting a suit for forfeiture has been so great as to preclude success in such a proceeding it has been held that the goods may be ordered returned to the owner. [Cases.]

"None of these cases, however, go to the extent of holding that the legality of the seizure may be determined on a summary petition by the owner for the return of his property. On the contrary, they strongly intimate that *the owner's proper and orderly procedure is to determine this question upon proceedings for forfeiture.* \* \* \*

"Our conclusion is that, upon the appellant's petition, the court should not have passed upon the legality of the seizure, but should have directed the prohibition administrator, assuming he was served with the show cause order or voluntarily appeared, either to institute proceedings promptly (and we should suppose ten days would be sufficient time) or to abandon the seizure and return the property." (Italics mine.)

See, also, United States v. Gowen, 40 F.(2d) 593, 598, (C. C. A. 2d).

█ The instant case differs from Matter of Behrens only in that here there has already been a determination by the United States commissioner that the search and seizure were invalid, and that plaintiff has brought a bill in equity instead of a motion for a summary order. As to the first of these, plaintiff insists that any question as to the validity of the search and seizure is now res adjudicata. I cannot agree that this is so. Without reviewing in detail the cases analyzing and defining the various functions of the commissioner [see Todd v. United States, 158 U. S. 278, 15 S. Ct. 889, 39 L. Ed. 982; United States v. Tom Wah (D. C.) 160 F. 207, affirmed 163 F. 1008 (C. C. A. 2d); United States v. Maresca (D. C.) 266 F. 713; United States ex rel. Finch v. Elliott (D. C.) 3 F.(2d) 496, affirmed 5 F.(2d) 292 (C. C. A. 9th)], I am entirely clear that his determination as to the legality or illegality of a search and seizure under a particular set of circumstances is not conclusive, and that the question may again be considered in a forfeiture proceeding or in any other action [see United States v. Maresca, supra at page 724 of 266 F.; United States v. Casino (D. C.) 286 F. 976; United States v. Napela (D. C.) 28 F.(2d) 898]. Moreover, it may well be, although I expressly do not now decide, that the admissions in the bill, or some further evidence obtained by the government, will enable it to sustain a libel without the use of evidence obtained in the course of the alleged illegal search and seizure [cf. Dodge v. United States, 272 U. S. 530, 532, 47 S. Ct. 191, 71 L. Ed. 392; United States v. Various Items of Personal Property (C. C. A. 2d) 40 F.(2d) 422, decided April 14th, 1930, and cases cited]; for, even if the seizure were illegal, the government can adopt it for purposes of forfeiture proceedings.

█ 2. The more troublesome question, however, is whether plaintiff can maintain this bill in equity for the return of the goods.

Both parties concede that within section 934 of the Revised Statutes (28 USCA § 747) the property cannot be replevied; and plaintiff urges this as an additional reason his remedy at law is inadequate. But, in substance, the present bill for equitable restitution is a similar attempt, in slightly different form, to recover the property and defeat the seizure before the validity thereof is determined in a forfeiture proceeding. The real issue to be decided, no matter whether the suit be denominated legal or equitable, is the legality of the detention. An answer to this objection may be suggested, that the inhibition of section 934 is not aimed at the assertion of equitable jurisdiction by the federal courts but that its purpose is merely to prevent the return of the property under bond in a replevin suit brought in the state court, since such return would defeat the federal law. Cf. Marshall, C. J., in Slocum v. Mayberry, 2 Wheat. 1, 9, 4 L. Ed. 169. Congress, however, not only enacted that the property so seized should be subject to the orders and decrees of the federal courts, but also that it should be irrepleviable even in such courts. In my judgment, the clear policy behind the section is broader than above suggested; its purpose was to limit the determination of the right of an official or other person to detain property seized under the authority of a federal revenue law, to the trial of a libel brought for the forfeiture of such property. Not only does the desirability of having a uniform method of determining such questions in a single type of action commend this interpretation, but the language and trend of the cases applying the section strongly intimate that a forfeiture suit is the "proper and orderly procedure" for determining the legality of such seizures. See Matter of Behrens; United States v. Gowen, supra, and cases therein cited.

Aside from this general theory as to the proper method of dealing with actions seeking the return of property seized without a search warrant, I am of the opinion that the present motion must be denied on the ground that plaintiff has another adequate and more suitable remedy. As heretofore said, the real issue to be determined is the legality of the detention. It is well settled in this circuit that jurisdiction exists to issue an order to show cause to the prohibition administrator requiring him within a certain time (ten days or more) either to begin forfeiture proceedings, in which this issue may be readily and properly de-

termined, or to abandon the seizure and return the property. In my judgment it makes no difference whether such jurisdiction is legal or equitable, nor does the Court of Appeals determine otherwise in Matter of Behrens; the remedy is clearly adequate. Defendant's affidavit suffices to show that there is no danger of irreparable injury to the property; and, if the government lacks sufficient evidence to support a forfeiture, or there has been a delay so prolonged as to preclude success in such a proceeding, the property may be returned forthwith. See In re Brenner, 6 F.(2d) 425 (C. C. A. 2d); Margie v. Potter (D. C.) 291 F. 285; Matter of Behrens, supra.

Consequently, apart from any question as to whether section 33 of title 2 of the National Prohibition Act (27 USCA § 50), prevents plaintiff from asserting any property rights in the goods [see Gallagher v. United States, 6 F.(2d) 758, 760 (C. C. A. 2d); People v. Otis, 235 N. Y. 421, 139 N. E. 562], or whether, as defendant contends, plaintiff can avail himself of other legal remedies, I am of the opinion that there are no grounds for the intervention of a court of equity. Inasmuch as the entire motion must be denied, there is no need to determine whether or not the suit against defendant in his official capacity was properly brought.

Motion denied, and bill dismissed for want of equity.