REGAL DRUG CORPORATION *v.* WARDELL, UNITED STATES COLLECTOR OF INTERNAL REVENUE OF THE FIRST DISTRICT OF CALIFORNIA.

CERTIORARI TO THE CIRCUIT COURT OF APPEALS FOR THE NINTH CIRCUIT.

No. 108. Submitted November 28, 1922.—Decided December 11, 1922.

*Lipke* v. *Lederer,* 259 U. S. 557, followed, to the effect that penalties and so-called taxes for alleged violations of the National Prohibition Act, cannot be imposed and summarily enforced by distraint of property, without notice and an opportunity to be heard; and that Rev. Stats., § 3224, does not preclude injunctive relief against such unlawful action. P. 390.

273 Fed. 182, reversed.

CERTIORARI to a decree of the Circuit Court of Appeals, affirming a decree of the District Court, which sustained a demurrer and dismissed the bill in a suit brought by the petitioner to enjoin the respondent revenue collector from enforcing collection of unlawful taxes and penalties.

*Mr. John W. Preston* for petitioner.

*Mr. Solicitor General Beck, Mrs. Mabel Walker Willebrandt,* Assistant Attorney General, and *Mr. Robert P. Reeder,* Special Assistant to the Attorney General, for respondent.

The Government concedes that under the decision in *Lipke* v. *Lederer,* 259 U. S. 557, penalties and double taxes could not be collected in the manner here attempted.

But it contends that under tax laws which antedated the National Prohibition Act, and which were expressly retained under that act, the Commissioner of Internal Revenue properly levied taxes (not double taxes) on the distilled spirits and wines used for beverage purposes,

and the Collector of Internal Revenue properly sought to collect such taxes by distraint proceedings.

Section 35 of the Prohibition Act provides: "All provisions of law that are inconsistent with this Act are repealed only to the extent of such inconsistency and the regulations herein provided for the manufacture or traffic in intoxicating liquor shall be construed as in addition to existing laws. This Act shall not relieve anyone from paying any taxes or other charges imposed upon the manufacture or traffic in such liquor."

There is nothing in *Lipke* v. *Lederer* which militates against this portion of § 35 or which shows that preexisting taxes may not be collected in the manner in which such taxes had been collectible.

In *United States* v. *Yuginovich*, 256 U. S. 450, this Court said: "That Congress may, under the broad authority of the taxing power tax intoxicating liquors notwithstanding their production is prohibited and punished, we have no question. . . . Congress manifested an intention to tax liquors illegally as well as those legally produced, which was within its constitutional power."

In the *License Tax Cases*, 5 Wall. 462, it was expressly decided that Congress might tax businesses which were prohibited by valid state laws. See *Youngblood* v. *Sexton*, 32 Mich. 406, per Cooley, C. J.

Mr. Justice McKenna delivered the opinion of the Court.

The case involves the legality of taxes, assessments or penalties under the revenue law or the National Prohibition Act, upon certain distilled spirits and liquors of the Regal Drug Corporation (herein called complainant), and the distraint of its store and the property contained therein.

The remedy sought is by injunction against respondent, Wardell, as Collector of Internal Revenue, from taking or continuing in possession of the store and its property,

or from conducting any action or proceeding to enforce the collection of the taxes, assessments or penalties.

Complainant presented the grounds of its prayer in a bill of complaint filed in the Southern Division of the United States District Court for the Northern District of California.

The Collector demurred to the bill on the ground, among others, that complainant had a "plain, speedy, adequate and complete remedy at law." The District Court sustained the demurrer and decreed the dismissal of the suit. The ruling and decree were affirmed upon appeal of complainant by the Circuit Court of Appeals for the Ninth Circuit.

The bill of complaint is an amended one. A summary of its allegations is all that is necessary and the facts alleged may be assumed to be true. They are as follows: The complainant is a corporation under the laws of California and the defendant (respondent here) is the United States Collector of Internal Revenue for the First District of California. On the 28th day of October, 1919, complainant was the holder of a permit duly issued to it to sell intoxicating liquor and distilled spirits for non-beverage purposes, and continued to be the holder thereof until some time in June, 1920, during which time it was in force.

During that time complainant purchased and withdrew from the bonded warehouses distilled spirits and intoxicating liquors to the amount of 17,900 gallons, and also 450 gallons of sweet wines containing not over 21% of alcohol, and purchased about 20 gallons of dry wines containing not over 14% of alcohol. All taxes and assessments against the spirits and liquors that were levied or could be levied were paid by the complainant in advance, and during the time the permit was in force complainant sold and disposed of the spirits and liquors under the permit, "and under and in accordance with the provisions of the National Prohibition Act." Complainant also complied

with the law in regard to filing a bond in the sum of $100,000.

Complainant had in its drug store during the time mentioned, a stock of drugs, medicines and sundries of the value of about $15,000.

That in or about the month of June, 1920, the Commissioner of Internal Revenue levied against complainant a so-called assessment or tax at the rate of $6.40 per gallon, amounting in the aggregate to $115,092.50, upon all distilled liquors that had been withdrawn by complainant from the bonded warehouses between October 28, 1919, and the time when complainant's permit to sell and dispose of the spirits was revoked, to wit, in the month of June, 1920.

The Commissioner also levied arbitrarily, a so-called tax or assessment against complainant at the rate of 40 cents a gallon on the sweet wines purchased and disposed of by complainant, and 16 cents a gallon on the dry wines.

None of the levies were either taxes or assessments but were fines and penalties imposed on complainant without notice or a hearing.

Complainant had already paid taxes on all of the articles amounting to the sum of $39,656.89. The Commissioner of Internal Revenue claimed and claims there is due the further sum of $75,592.61.

The Commissioner also levied against complainant, a penalty of $500 for selling spirits in violation of law, and a penalty of $93.75 for conducting the business of a rectifier, in violation of law, and a penalty of $1,000 a month for having manufactured distilled spirits or intoxicating liquors in violation of law.

The levies of the taxes and assessments were without notice or hearing, or that the same were proposed, and complainant was, therefore, without knowledge or information of the proposed action or the basis or grounds of it. No evidence was taken or received by the Commissioner in regard thereto prior to the attempted levy.

On the 19th day of July, 1920, the Commissioner took possession of complainant's drug store and of the entire stock of drugs and goods therein, excluding complainant therefrom, and is proceeding to and threatening to sell the same in order to satisfy the so-called assessments or taxes and penalties, and that the damage done to complainant will be irreparable.

The District Court, comparing the inconvenience and loss to the parties from a preliminary injunction, said it would grant one but for § 3224 [1] of the Revised Statutes of the United States, which the court considered applied and forbade relief by injunction. The court also expressed a doubt of the validity of the tax but was of the view that the fact did not preclude the application of the statute. For this conclusion the court cited *Snyder* v. *Marks,* 109 U. S. 189; *Dodge* v. *Osborn,* 240 U. S. 118, and other cases.

The court decreed the dismissal of the suit. The Circuit Court of Appeals affirmed the decree, citing the same cases, and expressed the view that they conclusively determined against relief by injunction, even if the tax could be considered " in the nature of a penalty."

Since the decision of the Circuit Court of Appeals we have decided a case which is a necessary factor to be considered. In *Lipke* v. *Lederer,* 259 U. S. 557, the power of a collector of internal revenue under circumstances such as are presented by this record was passed upon, the limitations upon it, and the rights of one against whom it is attempted to be exercised.

The case originated in the District Court of the Eastern District of Pennsylvania, and was brought, as the case at bar is, to restrain the enforcement of a tax on the ground that it was the imposition of a penalty, not a tax, and was not preceded by a hearing. The bill was dis-

[1] Sec. 3224. No suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court.

missed by the District Court upon the authority of *Ketterer* v. *Lederer,* 269 Fed. 153, that case deciding that an injunction could not be issued to restrain the collection of a tax.

The facts of the case were these: Lipke paid all revenue taxes required by the laws for the year ending June 30, 1920. He held a retail liquor license under the laws of the State. On December 29, 1920, he was arrested for selling liquor, under the National Prohibition Act, and gave bail to appear and answer in the United States District Court.

On March 18, 1921, he was notified that there was assessed against him a tax (its amount was stated), and if not paid within 10 days, a penalty would be added to the tax. On March 31st, he received a second demand and was advised that, if the tax and penalty were not paid within 10 days, collection of the same with accrued interest and costs would "be made by seizure and sale of property."

To restrain the execution of the threat, the suit was brought, Lipke alleging that he was "wholly without adequate remedy at law to prevent such seizure of his property."

Passing on § 3244 of the Revised Statutes, which was urged against the suit, it was decided that the section had no application, and that § 35 of the Prohibition Act did not confer the power the Collector threatened to exercise. Describing the power, we said, that the Collector was undertaking to punish Lipke "by fine and penalty for an alleged criminal offense without hearing, information, indictment or trial by jury, contrary to the Federal Constitution." And we said further that, if the "section has the meaning ascribed to it by the defendant [the Collector], it is unconstitutional."

The distinction between a tax and a penalty was emphasized. The function of a tax, it was said "is to pro-

vide for the support of the government," the function of a penalty clearly involves the "idea of punishment for infraction of the law," and that a condition of its imposition is notice and hearing. *O'Sullivan* v. *Felix,* 233 U. S. 318, 324. And even if the imposition may be considered a tax, if it have punitive purpose, it must be preceded by opportunity to contest its validity. *Central of Georgia Ry. Co.* v. *Wright,* 207 U. S. 127.

We took pains to say that " evidence of crime (§ 29) is essential to assessment under § 35 ", and that we could not " conclude, in the absence of language admitting of no other construction, that Congress intended that penalties for crime should be enforced through the secret findings and summary action of executive officers. The guarantees of due process of law and trial by jury are not to be forgotten or disregarded. See *Fontenot* v. *Accardo,* 278 Fed. 871. A preliminary injunction should have been granted."

The comment and decision are applicable here, and decisive. The Government concedes that the case is conclusive against the " penalties and double taxes ", but contends that, of tax laws which antedated the National Prohibition Act, only inconsistent laws are repealed, and that taxes in this case were levied under a law not inconsistent. For this § 35 is adduced. *Lipke* v. *Lederer* manifestly precludes the contention.

The contention encounters, besides, the averments of the bill. They assert that all taxes that were or could be levied were paid by complainant, and that those against which the bill is directed were imposed without notice or hearing as penalties for criminal violations of the law. The facts are not denied. They impel the application of *Lipke* v. *Lederer,* and the reversal of the action of the District Court and that of the Circuit Court of Appeals.

*Reversed and remanded to the District Court for further proceedings in accordance with this opinion.*