**MILLOS v. DUNBAR, Collector of Internal Revenue.**

(District Court, D. Utah. June 10, 1924.)

No. 7910.

1. **Internal revenue ⬤25—Commissioner has no authority to assess taxes and penalties for unlawful manufacture of liquor, without notice to person assessed.**

Commissioner of Internal Revenue has no authority to make assessment of taxes and penalties arising out of illegal manufacture of intoxicating liquor without permit, without notice to person assessed.

2. **Internal revenue ⬤38 — Determination on merits of case to recover taxes and penalties held proper, though assessment was made without notice.**

Though assessment by Commissioner of Internal Revenue of taxes and penalties for unlawful manufacture of intoxicating liquor was made without notice to person assessed, where such person, in action to recover such assessment, is given full opportunity to be heard, *held*, that case might be properly determined on its merits.

3. **Internal revenue ⬤45—Provision for double tax for illegal manufacture of liquor held to contemplate only doubling of actual taxes, not penalties.**

National Prohibition Act, tit. 2 § 35 (Comp. St. Ann. Supp. 1923, § 10138½v), fixing tax for illegal manufacture of liquor "in double the amount now provided by law," with additional penalties, means double amount of actual taxes (not penalties) provided by revenue laws in force at date of enactment of National Prohibition Law, and under it illegal manufacturer is liable for double taxes assessable, plus additional penalty of $1,000.

At Law. Action by James J. Millos against David C. Dunbar, Collector of Internal Revenue for the District of Utah. Judgment for plaintiff.

George L. Nelson, of Salt Lake City, Utah, for plaintiff.

Chas. M. Morris, U. S. Atty., and Edw. M. Morrissey, Asst. U. S. Atty., both of Salt Lake City, Utah, for defendant.

JOHNSON, District Judge. On the 4th day of January, 1921, the defendant, David C. Dunbar, as collector of internal revenue, was paid by the Deseret National Bank, of Salt Lake City, $2,839.98 from the funds of the plaintiff and one Louis D. Millos, his brother, on deposit in said bank. The money so received by the collector was taken pursuant to an assessment made by the

Commissioner of Internal Revenue against the plaintiff and the said Louis D. Millos, on the ground that they had been, on or about the 3d of December preceding, engaged in the unlawful manufacture of intoxicating liquor. Later one-half of said sum was returned to the said Louis D. Millos, upon proof that he was an innocent party.

The plaintiff has brought this suit to recover his half of said sum seized by the defendant. He alleges that he never at any time was engaged in the manufacture of intoxicating liquor, and that the assessment, distraint, and collection of said money by the defendant was made without notice to him and in violation of law.

The defendant affirmatively alleges that the plaintiff was engaged in the business of distilling and rectifying spirits in this district without having first received a permit from the collector of internal revenue so to do, and without having paid the taxes provided by law, and that by reason thereof plaintiff became liable for the taxes and penalties for the seven months period for the fiscal year ending June 30, 1921, including the taxes on the distilled and rectified spirits found on his premises and unlawfully manufactured by him, and that the said taxes and penalties duly and regularly assessed in accordance with law amounted to the sum of $2,839.98, and that said sum was thereafter lawfully collected by the defendant as collector of internal revenue, out of the joint fund belonging to the plaintiff and the said Louis D. Millos on deposit in the said bank. It is further alleged that the sum so collected has been paid into the Treasury of the United States.

[1] It has been conceded by counsel for the plaintiff that this suit is the same in legal effect as if it had been brought directly against the United States, and it is not seriously disputed, I believe, by the district attorney, that the Commissioner of Internal Revenue was without authority to make the assessment against plaintiff without notice. Lipke v. Lederer, 259 U. S. 557, 42 Sup. Ct. 549, 66 L. Ed. 1061; Regal Drug Co., v. Wardell, 260 U. S. 386, 43 Sup. Ct. 152, 67 L. Ed. 318.

[2] While this is true, the plaintiff has not only had an opportunity to be heard, but also the right to contest in this suit the validity of the assessment against him both as to the law and the fact. I can perceive no valid reason why the court should not now decide the case upon its merits. I find from the evidence that the plaintiff was engaged in the unlawful manufacture of intoxicating liquors as affirmatively alleged in the answer.

[3] Section 35 of title 2 of the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138½b) in part provides:

"No liquor revenue stamps or tax receipts for any illegal manufacture or sale shall be issued in advance, but upon evidence of such illegal manufacture or sale a tax shall be assessed against, and collected from, the person responsible for such illegal manufacture or sale in double the amount now provided by law, with an additional penalty of $500 on retail dealers and $1,000 on manufacturers."

I construe this to mean that a person illegally manufacturing intoxicating liquor shall be assessed a penalty in a sum in double the amount of the taxes assessable for such manufacture, plus an additional penalty of $1,000. The penalty "in double the amount now provided by law" means, I think, a sum in double the amount of the actual taxes (not penalties) as provided by the revenue laws in force at the date of the enactment of the National Prohibition Law.

Applying this construction to the case in hand, I find the following items of the assessment made by the Commissioner of Internal Revenue to be correct, namely: $116.57 under subdivision 3 of section 5971, Compiled Statutes 1918; $230.40 under subdivision (e) of section 5986, Compiled Statutes 1919; $1,000 penalty under section 35 of the National Prohibition Act; $1.80 under subdivision (k) of section 5986, Compiled Statutes 1919; total $1,348.87. This, deducted from $1,419.99, leaves a balance of $71.12 to be returned to plaintiff.

Judgment will be for plaintiff in the said sum of $71.12, with interest thereon from January 4, 1921, at the rate of 6 per cent. per annum.

Let judgment be entered accordingly.