**SELIGMAN v. BOWERS, Collector of Internal Revenue, et al.**

(District Court, S. D. New York. April 28, 1925.)

**1. Intoxicating liquors ⬤178—Penalties for violating National Prohibition Act may be assessed and collected in same manner as taxes to which they are incident.**

Penalties provided for violation of National Prohibition Act under title 2, § 35 (Comp. St. Ann. Supp. 1923, § 10138½v), supplemented by Act Nov. 23, 1921 (Comp. St. Ann. Supp. 1923, § 10138⅘c), may be assessed and collected by administrative officials in same manner as taxes to which they are incident, notwithstanding such penalties involve punishment, since taxpayer is given fair opportunity for hearing.

**2. Intoxicating liquors ⬤18—Statute empowering administrative officials to assess and collect penalties for violating National Prohibition Act held constitutional.**

National Prohibition Act, tit. 2, § 35 (Comp. St. Ann. Supp. 1923, § 10138½v), supplemented by Act Nov. 23, 1921 (Comp. St. Ann. Supp. 1923, § 10138⅘c), empowering administrative officials to assess and collect penalties for violation of National Prohibition Act in same manner as taxes to which they are incident and giving taxpayers fair opportunity for hearing, is constitutional.

At Law. Action by Israel Seligman against Frank K. Bowers, Collector of Internal Revenue for the Second District of New York, and another. On defendants' motion for judgment on the pleadings. Motion granted.

Roscoe C. Harper, of New York City (Sol A. Herzog, of New York City, of counsel), for plaintiff.

Emory R. Buckner, U. S. Atty., of New York City (Ward Bonsall, Sp. Atty., of Washington, D. C., of counsel), for defendants.

KNOX, District Judge. [1] "Of course Congress may tax what it also forbids," said the Supreme Court in United States v. Staf-off, 260 U. S. 477, 43 S. Ct. 197, 67 L. Ed. 358, citing United States v. Yuginovich, 256 U. S. 462, 41 S. Ct. 551, 65 L. Ed. 1043. That Congress did intend to tax certain forbidden things and to impose drastic penalties in connection with their commission is quite apparent from section 35 of the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138½v), as supplemented by the Act of November 23, 1921 (Comp. St. Ann. Supp. 1923, § 10138⅘c). By this later legislation, the deficiencies and shortcomings of section 35 of the original act, as pointed out in Lipke v. Lederer, 259 U. S. 557, 42 S. Ct. 549, 66 L. Ed. 1061, and Regal Drug Corporation v. Wardell, 260 U. S. 386, 43 S. Ct. 152, 67 L. Ed. 318, seem to me to have been supplied. Under the law as it now stands, the taxpayer is given a fair opportunity for hearing both as to the taxes and the penalties which are made incident thereto. Notwithstanding the fact that the penalties still involve the idea of punishment for infraction of the Prohibition Law, they may, I believe, be assessed and collected in the manner provided for the taxes to which they are incident and appertain. Otherwise, the provision of the supplemental act, to the effect that "all taxes and tax penalties provided for in section 35 of title 2 of the National Prohibition Act shall be assessed and collected in the same manner and by the same procedure as other taxes on the manufacture of or traffic in liquor," would seem to be meaningless.

[2] The questions raised by plaintiff as to the constitutional power of Congress to make the foregoing grant of jurisdiction to administrative officials, while they have received extended consideration, will, without argument, be resolved in favor of the legislation.

Defendants' motion for judgment on the pleadings will be granted.