**COFFEY v. NOEL, Collector of Internal Revenue, et al.**

(District Court, W. D. Virginia. March 4, 1926.)

1. **Internal revenue** ⟜28—**Grossly excessive tax on illicit liquor, assessed without notice, held wholly invalid, and taxpayer is entitled to equitable relief (National Prohibition Act, tit. 2, § 35 [Comp. St. Ann. Supp. 1923, § 10138½v]; Revenue Act 1918, § 600 [a], being Comp. St. Ann. Supp. 1919, § 5986e).**

Grossly excessive tax on illicit intoxicating liquor, assessed under National Prohibition Act, tit. 2, § 35 (Comp. St. Ann. Supp. 1923, § 10138½v), without notice to taxpayer, *held* wholly invalid, in view of Revenue Act 1918, § 600 (a), being Comp. St. Ann. Supp. 1919, § 5986e, and taxpayer is entitled to equitable relief.

2. **Internal revenue** ⟜28.

Equity may relieve against grossly excessive and wholly invalid tax on illicit liquor, assessed under National Prohibition Act, tit. 2, § 35 (Comp. St. Ann. Supp. 1923, § 10138½v), without notice.

3. **Constitutional law** ⟜318—**Internal revenue** ⟜2—**Penalty in addition to tax on illicit liquor held unlawful, no notice of assessment being provided for in statute (National Prohibition Act, tit. 2, § 35 [Comp. St. Ann. Supp. 1923, § 10138½v]; Rev. St. § 3173, as amended by Act Feb. 24, 1919 [Comp. St. Ann. Supp. 1919, § 5896], and reproduced in Revenue Acts of 1921 and 1924 [Comp. St. Ann. Supp. 1925, Comp. St. Supp. 1925, § 5896]).**

Since no notice to taxpayer of proposed assessment of penalty under National Prohibition Act, tit. 2, § 35 (Comp. St. Ann. Supp. 1923, § 10138½v), in addition to tax on illicit liquor, is provided for, a penalty imposed thereunder is unlawful, nor is notice given as a matter of grace, pursuant to regulations legally sufficient, in view of Rev. St. § 3173, as amended by Act Feb. 24, 1919 (Comp. St. Ann. Supp. 1919, § 5896), and reproduced in Revenue Acts of 1921 and 1924 (Comp. St. Ann. Supp. 1923, Comp. St. Supp. 1925, § 5896).

4. **Internal revenue** ⟜45—**Penalty in addition to tax on illicit liquor held at least partly punitive and imposed in part for punishment of crime (National Prohibition Act, tit. 2, § 35 [Comp. St. Ann. Supp. 1923, § 10138½v]; Willis-Campbell Act Nov. 23, 1921, § 5 [Comp. St. Ann. Supp. 1923, §§ 10138⅘c, 10138⅘d, 10138⅘e]).**

Penalty imposed by National Prohibition Act, tit. 2, § 35 (Comp. St. Ann. Supp. 1923, § 10138½v), in addition to tax on illicit liquor, notwithstanding any declaratory effect of Willis-Campbell Act Nov. 23, 1921, § 5 (Comp. St. Ann. Supp. 1923, §§ 10138⅘c, 10138⅘d, 10138⅘e) being imposed only in case of actual or supposed commission of crime, and then in fixed amount, without regard to amount of liquor manufactured or duration of delinquency, is at least partly punitive, and has as a fundamental ingredient in its composition punishment of crime.

5. **Constitutional law** ⟜43(1)—**After plea of guilty to charge of manufacturing liquor, invalidity of statute imposing tax on liquor, as punishing crime without jury trial, cannot be urged (National Prohibition Act, tit. 2, § 35 [Comp. St. Ann. Supp. 1923, § 10138½v]).**

One who, before imposition of penalty in addition to tax on illicit liquor manufactured by him, under National Prohibition Act, tit. 2, § 35 (Comp. St. Ann. Supp. 1923, § 10138½v), has pleaded guilty to charge of unlawful manufacture, cannot urge that such section imposes a punishment for crime without trial by jury.

6. **United States** ⟜40.

Executive officers, having power to make regulations, have power to alter and annul them.

7. **Internal revenue** ⟜2—**Prohibition Act, though ineffective to impose double tax on illicit liquor, is effective to repeal prior inconsistent statutes (National Prohibition Act, tit. 2, § 35 [Comp. St. Ann. Supp. 1923, § 10138½v]; Revenue Act 1918, § 600 [a], being Comp. St. Ann. Supp. 1919, § 5986e).**

While National Prohibition Act, tit. 2, § 35 (Comp. St. Ann. Supp. 1923, § 10138½v), in so far as it imposes double tax on illicit liquor, is unconstitutional and void, it is nevertheless effective to repeal prior statutes imposing tax on illicit liquor dealers and manufacturers, including Revenue Act 1918, § 600(a) being Comp. St. Ann. Supp. 1919, § 5986e.

8. **Internal revenue** ⟜28 — **So-called double tax under Prohibition Act held not within statute forbidding equitable relief against tax under unconstitutional statute, nor is taxpayer's legal remedy adequate (National Prohibition Act, tit. 2, § 35 [Comp. St. Ann. Supp. 1923, § 10138½v]; Rev. St. § 3224 [Comp. St. § 5947]).**

So-called tax imposed under double tax provision of National Prohibition Act, tit. 2, § 35 (Comp. St. Ann. Supp. 1923, § 10138½v), on illicit liquors, being based only on actual or supposed commission of crime and partaking

largely of nature of pecuniary punishment for crime, is not a "tax," within Rev. St. § 3224 (Comp. St. § 5947), forbidding equitable relief against tax under unconstitutional statute, nor is legal remedy of one so assessed, and against whose property notice of lien has been recorded, adequate.

In Equity. Suit by O. V. Coffey against one Noel, Collector of Internal Revenue, and others. Decree for plaintiff.

L. Grafton Tucker, of Lovingston, Va., for plaintiff.

C. E. Gentry, Asst. U. S. Atty., of Charlottesville, Va., for defendants.

McDOWELL, District Judge. On March 24, 1921, the plaintiff, who is the owner of some real estate in Nelson county, in this district, was discovered by federal prohibition agents engaged in the illegal manufacture of intoxicating liquor. On May 13, 1921, the Commissioner of Internal Revenue made an assessment against the plaintiff of a tax of $5,417.34, and of penalties and interest amounting to $595.91. The notice of lien executed by the collector of internal revenue of this district was admitted to record in the office of the clerk of the circuit court of Nelson county on November 11, 1921. No notice was ever given the plaintiff in respect to the foregoing assessment.

On July 11, 1921, the defendant was indicted in this court for illegally manufacturing an unspecified amount of intoxicating liquor. On the next day he pleaded guilty, and was fined under section 29 of title 2 of the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138½p). On January 5, 1925, notice was given to the plaintiff by the collector that a new assessment was proposed, and that he could appear and be heard in opposition thereto at the collector's office on January 21, 1925. This notice showed that the proposed assessment was intended to be in lieu of the assessment of 1921 above mentioned, and that the intention was to assess the plaintiff on 280 gallons of distilled spirits at $6.40 a gallon, and a penalty of $1,000, under section 35 of title 2 of the National Prohibition Act (section 10138½v). The plaintiff did not appear, and on January 21, 1925, an assessment was made based on the illicit manufacture of 280 gallons of distilled spirits at $6.40 per gallon, under section 600 (a) of the Revenue Act of 1918 (Comp. St. Ann. Supp. 1919, § 5986e), amount $1,792, "additional (penalty) tax assessed, $1,000." Notice of the lien of this assessment was also admitted to record in the

office of the clerk of the circuit court of Nelson county in January, 1925.

The plaintiff has filed a bill in equity, and two amended and supplemental bills, in which he asks that both assessments be declared invalid, that the clouds caused by the recording of the notices of lien be removed, and that the collector be restrained from attempting to collect either of the assessments. The Commissioner and the collector are made parties defendant in the last bill, and both have answered.

It is an undisputed fact that the assessment of 1921 was made because of the same act for which the plaintiff was indicted, and that the assessment of 1925 was intended to be in lieu of the first assessment. The following dates are of interest, and will help to elucidate the discussion which follows:

The Revenue Act of 1918 (40 Stat. 1057, 1105) was passed on February 24, 1919. The National Prohibition Act (41 Stat. 305) was passed on October 28, 1919, and went into full effect on January 16, 1920. Dillon v. Gloss, 41 S. Ct. 510, 256 U. S. 368, 376, 65 L. Ed. 994. The plaintiff's offense was committed on March 24, 1921. The first assessment was made on May 13, 1921, and notice of the lien of this assessment was admitted to record in Nelson county on November 11, 1921. The defendant was indicted and pleaded guilty in July, 1921. The Willis-Campbell (Supplemental Prohibition) Act (42 Stat. 222) was passed November 23, 1921.

#### The Assessment of 1921.

[1, 2] In Graham v. Du Pont, 43 S. Ct. 567, 569, 262 U. S. 234, 257 (67 L. Ed. 965), it is said: "The cases complainant's counsel rely on do not apply. The cases of Lipke v. Lederer [42 S. Ct. 549] 259 U. S. 557 [66 L. Ed. 1061], and Regal Drug Corporation v. Wardell [43 S. Ct. 152] 260 U. S. 386 [67 L. Ed. 318], were not cases of enjoining taxes at all. They were illegal penalties in the nature of punishment for a criminal offense."

The above-mentioned opinions seem to me to require a ruling that the assessment of 1921 is wholly invalid, and that there is no want of power in the court to grant equitable relief in respect to it. I cannot escape the conclusion that this assessment, with a probable error of calculation, includes in the first item the double tax (of $12.80 per gallon) and the $1,000 penalty, set out in section 35 of the Prohibition Act. The revenue law in force when the Prohibition Act went into effect, section 600 (a) of the Revenue Act of 1918 (40 Stat. 1105) imposed a tax of $6.40 per gallon on manufacturers of distilled

spirits. The tax in the assessment of 1921 is at the rate of $19.347 per gallon on 280 gallons of spirits. It is an undisputed fact that no notice was given to the plaintiff of this assessment. While his subsequent plea of guilty may deprive him of the right to assail section 35 on the ground that it imposes punishment for crime without a right to a jury trial, such plea cannot, as I think, destroy his right to relief on the ground that an assessment of a punishment for crime, a punitive tax, which is grossly excessive, was made without notice to him. See Regal Drug Co. v. Wardell, 43 S. Ct. 152, 260 U. S. 386, 392, 67 L. Ed. 318. See, also, Prohibition Mimeograph, Coll. No. 3062, Pro. No. 307, pp. 30–33, Defendant's Exhibit C.

The two principal items of the assessment of 1925 can best be considered separately.

### The $1,000 Penalty.

[3, 4] Unless it be because of facts to be hereinafter discussed, I can see no way to avoid the binding force of Lipke v. Lederer, 42 S. Ct. 549, 259 U. S. 557, 66 L. Ed. 1061, in respect to this item of the assessment of 1925. The plaintiff here has a remedy at law, which is neither more nor less adequate than the remedy at law which the plaintiff there had. The case at bar differs from the Lipke Case, in that before the assessment of 1925 here was made the plaintiff had pleaded guilty to the act of illicit distilling in 1921 which caused the assessment, and a notice of the intention to make the assessment and an opportunity to be heard in opposition thereto had been given the plaintiff. It is also a fact that the Willis-Campbell Act had been passed before the assessment of 1925 had been made. The effect, if any, of these differences, is worthy of some discussion.

[5] It may be admitted that the plaintiff here, because of his plea of guilty, is not of the class of those who may object that section 35 is invalid, in that it imposes a punishment for crime without a right to a trial by jury. The penalty here in question has no connection with the quantity of intoxicating liquor that may have been illegally made. The penalty is exactly $1,000, whether the quantity be one gallon or a thousand gallons. Hence the indefiniteness of the indictment as to the quantity of liquor made by the plaintiff, and the resulting uncertainty in this respect of his plea of guilty, are of no importance. The plaintiff has advisedly and without mistake pleaded guilty to the illegal manufacture of some unknown quantity of intoxicating liquor, and therefore he cannot be heard to say that he has been denied a right

11 F.(2d)—26

to a jury trial. See Cooley, Const. Lim. (5th Ed.) p. 197 (163); 6 Ruling Case Law, p. 89, § 87; Id. p. 91, § 89; 12 Corpus Juris, pp. 760, 762, 763.

However, section 35 does not provide that notice of the assessments intended by it shall be given to the persons assessed, and I do not know of any statute that does require notice of such assessments. I have not overlooked section 3173, Rev. Stats., as amended in February, 1919 (40 Stat. 1146, 1147 [Comp. St. Ann. Supp. 1919, § 5896]). This statute does not require notice of assessments, but notice before the collector may make returns in the names of delinquent taxpayers. It also could not have been intended to apply to the impositions of section 35 of the Prohibition Act, which had not in February, 1919, been enacted. Moreover, the procedure followed in giving the notice that was given to the plaintiff does not in any respect conform to the procedure required by section 3173 as amended. In the Revenue Acts of 1921 and 1924 (42 Stat. 312 [Comp. St. Ann. Supp. 1923, § 5896]; 43 Stat. 345 [Comp. St. Supp. 1925, § 5896]), section 3173, as amended in February, 1919, is reproduced without change. Evidently the reproduced statute cannot mean anything, except what it meant in 1919, before the Prohibition Act was enacted.

[6] The notice that the plaintiff received was given pursuant to a regulation, and the defendants do not allege that notice was required by statute. A notice which is not required by law is, I think, a mere act of grace and wholly without effect. A regulation requiring notice, when no statute requires the notice, is itself a mere act of grace. If the regulation had been made by the Commissioner, acting alone, the notice would have been an act of grace beyond dispute. Notice given *by* the Commissioner, of an opportunity for a hearing *before* the Commissioner, given by force of a regulation made *by* the Commissioner, would certainly be a voluntary act of grace on the part of the Commissioner, and I do not see that the fact that the Secretary of the Treasury approved the regulation, alters the character of the notice. The executive officers, who have power to make regulations, also have power to alter or annul regulations. In consequence, a notice required only by regulation is still a mere act of grace on the part of executive officials, for regulations lie within the discretion of those who make them. In Coe v. Armour Fertilizer Works, 35 S. Ct. 625, 629, 237 U. S. 413, 424 (59 L. Ed. 1027), it is said:

"Nor can * * * a hearing granted as

a matter of * * * discretion be deemed a substantial substitute for the due process of law that the Constitution requires. * * * The soundness of this doctrine has repeatedly been recognized by this court. Thus, in Security Trust Co. v. Lexington [27 S. Ct. 87], 203 U. S. 323, 333 [51 L. Ed. 204], the court, by Mr. Justice Peckham, said, with respect to an assessment for back taxes: 'If the statute did not provide for a notice in any form, it is not material that as a matter of grace or favor notice may have been given of the proposed assessment. It is not what notice, uncalled for by the statute, the taxpayer may have received in a particular case that is material, but the question is whether any notice is provided for by the statute' (citing the New York case [Stuart v. Palmer, 74 N. Y. 183, 30 Am. Rep. 289]). So, in Central of Georgia Ry. v. Wright [28 S. Ct. 47], 207 U. S. 127, 138 [52 L. Ed. 134, 12 Ann. Cas. 463], the court said: 'This notice must be provided as an essential part of the statutory provision, and not awarded as a mere matter of favor or grace.' In Roller v. Holly [20 S. Ct. 410], 176 U. S. 398, 409 [44 L. Ed. 520], the court declared: 'The right of a citizen to due process of law must rest upon a basis more substantial than favor or discretion.' And in Louis. & Nash. R. R. v. Stock Yards Co. [29 S. Ct. 246], 212 U. S. 132, 144 [53 L. Ed. 441], it was said: 'The law itself must save the parties' rights, and not leave them to the discretion of the courts as such.' "

In Regal Drug Co. v. Wardell, 43 S. Ct. 152, 153, 260 U. S. 386, 392 (67 L. Ed. 318) it is said of section 35 of the Prohibition Act: "And even if the imposition may be considered a tax, if it have punitive purpose, it must be preceded by opportunity to contest its validity. Central of Georgia Ry. Co. v. Wright [28 S. Ct. 47], 207 U. S. 127 [52 L. Ed. 134, 12 Ann. Cas. 463]."

It seems to be argued in behalf of the defendants that the fact that the second assessment in the case at bar was made after the passage of the Willis-Campbell Act of November 23, 1921 (42 Stat. 222, c. 134), discriminates this case from the Lipke and Regal Drug Co. Cases. The argument seems to me unsound. In U. S. v. Stafoff, 43 S. Ct. 197, 199, 260 U. S. 477, 480 (67 L. Ed. 358), it is said of section 5 of the Willis-Campbell Act (Comp. St. Supp. 1923, §§ 10138⅘c, 10138⅘d, 10138⅘e): "This section is not declaratory even in form." But if the section in question could be read as a declaration that the penalty of $1,000 imposed by section 35 of the Prohibition Act is a true tax penalty for delay in paying taxes, the penalty is still punitive either in whole or in part. A penalty which never varies in amount, which has no relation to the amount of the taxes that are delinquent, or to the length of time the delinquency has existed, and which is to be assessed only in case of the actual or supposed commission of a crime, cannot be in its nature otherwise than at least partly punitive; and I am unable to perceive that it is within the power of Congress to change the intrinsic nature of a statutory imposition theretofore made, by a mere declaration that the nature of the imposition is different from what in fact it is at least in part.

A penalty of the character of that in question has as a fundamental and indestructible ingredient of its composition the punishment of crime. Payments of money required only by those who have, or who are believed to have, committed a crime, cannot be either a pure tax or a pure tax penalty. The punitive nature of such exactions cannot be expunged by subsequent declarations. In part the invalidity of lines 8 to 12 of section 35 is due to the fact that notice and an opportunity to be heard before assessment is not required by law. Section 5 of the Willis-Campbell Act no more requires notice than does section 35. Because the notice given to the plaintiff of the proposed assessment in 1925 of the penalty of $1,000 was not required by law, I must hold that the notice had no legal effect. And it follows that in respect to this penalty item this case is ruled by the Lipke Case.

### The Item of $1,792.

[7, 8] The double tax provision in section 35 of the Prohibition Act is unconstitutional and void. This provision is also in direct conflict with the provisions of any and every revenue statute in force when the Prohibition Act went into effect which imposed a tax on illicit manufacturers of and dealers in distilled spirits. A new statute, expressing an unmistakable intent to impose a double tax, cannot be reconciled with an intent to keep in force an older statute, imposing a single tax. In the Regal Drug Co. Case, 43 S. Ct. 154, 260 U. S. at page 392, 67 L. Ed. 318, in which a tax of $6.40 a gallon under section 600 (a) of the Revenue Act of 1918 (40 Stat. 1105) was assessed, it is said: "The government * * * contends that, of tax laws which antedated the National Prohibition Act, only inconsistent laws are repealed, and that taxes in this case were levied under a law not inconsistent. For this section 35 is

adduced. Lipke v. Lederer manifestly precludes the contention."

It seems to me that these two cases put beyond controversy the fact that the double tax provision of section 35 is itself void, and that it nevertheless repealed all earlier statutes which imposed taxes on illicit dealers and manufacturers. The Lipke Case is discriminated from the case at bar in respect to the item now in question by the fact that there the Commissioner assessed (see page 558) the double tax (and the penalty) intended to be imposed by section 35, as well as an additional penalty of 25 per cent. of the double tax. The Regal Drug Co. Case differs from the case at bar in the fact (pages 388, 392 [43 S. Ct. 152]) that the collector there, by demurring to the bill, admitted that all taxes that were or that could have been levied had been paid by the plaintiff before the assessment was made. But it remains true, not only that the revenue law under which the item now in question in the case here purports to have been assessed was repealed by section 35, but that this fact had been plainly declared by the Supreme Court long before the assessment in 1895 was made. With the mere invalidity of the item in question I am not at present concerned. An assessment of a tax imposed only by a repealed statute is of necessity an invalid assessment. But such fact does not authorize equitable relief, and it is with the propriety of granting equitable relief that I am now concerned.

It has long been settled that section 3224, Rev. Stats. (Comp. St. § 5947), forbids restraining the assessment or collection of a tax attempted to be imposed by an unconstitutional federal statute. See Dodge v. Osborn, 36 S. Ct. 275, 240 U. S. 118, 60 L. Ed. 557, and cases there cited. In Bailey v. George, 42 S. Ct. 419, 259 U. S. 16, 66 L. Ed. 816, equitable relief was refused, although (see Child Labor Tax Case, 42 S. Ct. 449, 259 U. S. 20, 66 L. Ed. 817) the tax had been imposed by an unconstitutional statute, and was in fact a penalty intended to prevent the employment of children in certain occupations. However, in the Bailey Case the statute had not been declared void by the Supreme Court when the assessment was made. In the case at bar, as has been said, the fact that section 35 of the Prohibition Act had repealed section 600 (a) of the Revenue Act of 1918 had been declared by the Supreme Court long before the assessment was made. It is a further fact that the assessment here was necessarily based solely on the actual or supposed commission of a crime by the person assessed; and while the assessment of the item in question here has a resemblance to a true tax assessment, I am inclined to think that it is a delusive resemblance. Where the sole basis of an assessment is the real or assumed commission of a crime, the assessment may be styled a tax, and the amount assessed may be arrived at by using a rate fixed in a revenue statute; but in its real nature the assessment is, I think, the imposition of a penalty for crime. But, even if this be regarded as inaccurate, it is at least indisputable that, if the assessment here partakes of the nature of an assessment of an (invalid) tax, it also partakes of the nature of an assessment of a (pecuniary) punishment for crime. And this latter element, I believe, prevents section 3224 from being here applicable. When Congress inhibited injunctions in tax cases, no such hybrid assessment as the one here was contemplated.

But the mere fact that an injunction is not interdicted by statute does not show that the plaintiff may not have an adequate remedy at law. In this case a notice of lien of the assessment has been recorded in Nelson county. If the plaintiff were to pay the item of $1,792, with all interest and other additions demanded, and then successfully sue the collector at law, the lien would not be ipso facto released, and another suit in equity might conceivably be necessary to have this cloud on the plaintiff's title to his land removed. Where an attempt has been made to assess a punishment for crime, and the assessment has been recorded, so as to have the appearance of a lien, it seems to me that the remedy at law is not adequate.

It seems unnecessary to say more than has been said in respect to the Willis-Campbell Act. I think it has no effect here. Section 35 of the Prohibition Act imposes a double tax on illicit distillers. The older revenue law imposed a single tax. The two statutes are as "directly in conflict" as is possible, and are no less in conflict now than they were when the assessments in the Lipke and the Regal Drug Co. Cases were made.

I think the plaintiff is entitled to the relief he asks.