**DANCIGER et al. v. CROOKS, Collector of Internal Revenue, et al.**

(District Court, W. D. Missouri, W. D. June 8, 1926.)

No. 589.

Internal revenue ⬯45—Enforcement of penalties imposed by Prohibition Act may be enjoined; Rev. St. § 3224 (Comp. St. § 5947), not being applicable (National Prohibition Act, tit. 2, § 35 [Comp. St. Ann. Supp. 1923, § 10138½v]).

The impositions provided for by National Prohibition Act, tit. 2, § 35 (Comp. St. Ann. Supp. 1923, § 10138½v), do not constitute a tax, but are penalties, to which Rev. St. § 3224 (Comp. St. § 5947), prohibiting suit to restrain collection of taxes, does not apply.

In Equity. Suit by Abe Danciger and Jack Danciger against Noah Crooks, Collector of Internal Revenue, and others. On motion to dismiss bill. Denied.

Ringolsky, Friedman & Boatright, of Kansas City, Mo., for plaintiffs.

Robert R. Brewster, Asst. U. S. Atty., of Kansas City, Mo., for defendants.

REEVES, District Judge. By their bill in equity, plaintiffs seek to have the defendants permanently enjoined from the assessment of penalties prescribed in section 35, tit. 2, of the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138½v). It is alleged in the bill that plaintiffs were notified by the defendants on July 23, 1924, that an assessment of taxes and penalties was proposed to be made against them on account of the illegal sales of intoxicating liquor which, it is claimed, were made on or about October 21, 1922.

Perforce said section 35, tit. 2, of the National Prohibition Act, it was proposed to double the tax provided for in section 5973, U. S. Compiled Statutes 1918, being section 3244, Revised Statutes, also the taxes provided for under section 1001 of the Revenue Act of 1921, 42 Stat. pt. 1, p. 296 (Comp. St. Ann. Supp. 1923, § 5980o). To these penalties was to be added the further penalty of $500 provided for under said section 35. The aggregate assessment proposed was $2,037.50.

Plaintiffs specifically deny that they were at any of the times mentioned in the notice engaged in the retail liquor business within the purview of said section 5973, U. S. Compiled Statutes 1918, or said section 1001 of the Revenue Act of 1921.

It is stated in the bill that plaintiffs responded to the notice served upon them by the defendants and filed their protest against such assessment, that, pursuant thereto, plaintiffs were notified by the defendants that a hearing would be had on such protest at 216 Federal Building, Kansas City, Mo., on the 22d day of August, 1924, and that such hearing was not had on that date but postponed from time to time until such hearing was finally set for March 2, 1925.

Plaintiffs aver that at such hearing the only question for consideration would be whether they had violated the law, as a basis for the imposition of the penalty, and that under the law they would be entitled to have a trial to a jury. The right of the defendants thus to proceed is challenged under sundry provisions of the Constitution of the United States. The fear is expressed in the bill that the assessment of such penalties will not only be made, but that, pursuant thereto, the property of plaintiffs, both real and personal, will be seized and sold under distraint warrants.

Defendants have moved to dismiss the bill upon the grounds (a) that the supporting affidavit is insufficient, and (b) that it is insufficient to warrant the relief sought.

1. The bill was supported by the affidavit of Abe Danciger, who avers the truth of his own knowledge. He makes an exception "as to matters therein stated on information and belief, and, as to those matters, he believes them to be true." An examination of the bill fails to disclose any allegation falling within the exception, so that the supporting affidavit appears to be sufficient.

2. It is urged by the defendants that the bill ought to be dismissed because such a proceeding is forbidden by section 3224, U. S. Revised Statutes (section 5947, U. S. Compiled Statutes 1918), as follows:

"No suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court."

As against this contention by the defendants, the Supreme Court of the United States in Lipke v. Lederer, 259 U. S. 557, loc. cit. 562, 42 S. Ct. 549, 66 L. Ed. 1061, held that the penalties provided under said section 35, tit. 2, of the National Prohibition Act, which the defendants are attempting to enforce, do not constitute a tax, but penalties, and that therefore the statute forbidding restraint upon the assessment or collection of a tax was not applicable. This ruling was followed in Regal Drug Co. v. Wardell, 260 U. S. 386, 43 S. Ct. 152, 67 L. Ed. 318.

Judge Faris, of the Eastern District of Missouri, in Jasper v. Hellmich (D. C.) 4 F.(2d) 852, has carefully covered the identical situation presented here. Moreover, it was properly held by him that subsequent legislation by Congress, referred to as the Willis-Campbell Act (42 Stat. 222), did not change the aspect of the penalties provided for in said section 35, so as to enable the collector to enforce the payment as a tax.

In view of these authorities and many others, which it is unnecessary to cite, the court must rule adversely to the contentions of the defendants.

The motion to dismiss will be overruled.