## LA FRANCA v. UNITED STATES.

Circuit Court of Appeals, Fifth Circuit. January 7, 1930.

No. 5654.

270

E. Howard M'Caleb, Jr., of New Orleans, La., for appellant.

T. M. Logan Bruns, Asst. U. S. Atty., of New Orleans, La. (Edmond E. Talbot, U. S. Atty., and T. M. Logan Bruns, Asst. U. S. Atty., both of New Orleans, La., on the brief), for the United States.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

WALKER, Circuit Judge. This was an action against the appellant to recover the tax imposed on retail liquor dealers by section 3244 of the Revised Statutes (26 USCA § 205), the amount of which is increased by section 35 of title 2 of the National Prohibition Act (27 USCA § 52), the penalty for failure to make return required by·statute, and the additional penalty of $500 on retail liquor dealers prescribed by section 35 of title 2 of the National Prohibition Act (27 USCA § 52). The claims asserted were based upon described sales of whisky by appellant on October 10, 1924, October 23, 1924, and April 25, 1925, upon described sales of apricot brandy by appellant on October 24, 1924, and upon a described sale of benedictine by the appellant on April 23, 1925. The granting of the relief sought was resisted on the ground that prior to the institution of the suit appellant had been convicted and sentenced under an information charging him with possessing intoxicating liquor, with maintaining a common nuisance, and with selling intoxicating liquor, which charges were based on the same sales which were alleged in the petition in this case. The court ruled against the defense so set up, and, upon the parties stipulating in writing that a jury be waived and that the facts were substantially as alleged in the petition and in the pleading setting up the above-mentioned defense, the court rendered judgment in accordance with the prayer of the petition.

The so-called taxes and other charges retained in force by section 35 of title 2 of the National Prohibition Act (27 USCA § 52) and section 5 of the Willis-Campbell Act (42 Stat. 223 [27 USCA § 3]), are penalties or fines imposed as punishment for criminal misconduct. Lipke v. Lederer, 259 U. S. 557, 42 S. Ct. 549,.66 L. Ed. 1061; Regal Drug Corp. v. Wardell, 260 U. S. 386, 43 S. Ct. 152, 67 L. Ed. 318. Section 5 of the Willis-Campbell Act (27 USCA § 3) contains the following provision: "That all laws in regard to the manufacture and taxation of and traffic in intoxicating liquor, and all penalties for violations of such laws that were in force when the National Prohibition Act was enacted, shall be and continue in force, as to both beverage and nonbeverage liquor, except such provisions of such laws as are directly in conflict with any provision of the National Prohibition Act or of this Act; but if any act is a violation of any of such laws and also of the National Prohibition Act or of this Act, a conviction for such act or offense under one shall be a bar to a prosecution therefor under the other."

The conviction of appellant was for violations of the National Prohibition Act, tit. 2, §§ 21, 25, and 29 (27 USCA §§ 33, 39, 46). The so-called tax sought to be enforced by this suit was imposed by section 3244 of the Revised Statutes (26 USCA § 205), but the amount of it was increased by the provision contained in section 35 of title 2 the National Prohibition Act (27 USCA § 52). But for laws which were in existence prior to the enactment of the National Prohibition Act, appellant would not have been liable for the amounts sought to be recovered in this suit, as only pre-existing laws provide for a tax on retail liquor dealers and a penalty for a failure to make return. The conviction of the appellant having been for acts which were violations of the National Prohibition Act, and the purpose of this suit being to subject appellant to liabilities for the same acts, created by pre-existing laws referred to in the above set out provision, that conviction was a bar to this suit, if this suit, within the meaning of that provision, is a prosecution for those acts. The use of the word "prosecution" in describing what is barred by a conviction for a violation of one of the laws referred to in the above set out provision is consistent with the absence of intention to refer only to proceedings commenced by an indictment or information, or on the criminal side of a court. In ordinary usage, that word has different meanings when used in different relations. It properly may be used to describe or include a proceeding on the civil side of a court. Salinger v. Loisel, 265 U. S. 224, 236, 44 S. Ct. 519, 68 L. Ed. 989; 32

Cyc. 727. The provision in question clearly discloses a purpose to restrict the punitive consequences of an act which is a violation of both a recently enacted statute mentioned and of a previously enacted statute which was continued in force. It affords to one who has been convicted protection against further proceedings to subject him to punishment for the same act or offense. When a statutory provision deals with such a subject as double punishment for the same act or offense, which has long been recognized to be at variance with right and justice, an intention to make the benefit of the protection provided for dependent upon the form of proceeding resorted to for the enforcement of additional punishment is not to be attributed to the lawmakers unless such intention is disclosed. United States v. Chouteau, 102 U. S. 603, 611, 26 L. Ed. 246. A penalty imposed for criminal misconduct is none the less punitive by reason of the fact that it may be enforced by a proceeding civil in form. This suit as clearly seeks to subject appellant to additional punishment for the acts for which he was convicted as would have been sought by an indictment or information based on the same acts. In our opinion nothing in the language of the provision in question warrants such a sacrifice of substance to mere form as would be involved by holding that this suit is not barred, because, though it seeks to subject appellant to punishment for the same acts for which he was convicted, it was in form a civil proceeding.

We conclude that the above set out provision has the effect of making the above-mentioned conviction of the appellant a bar to this suit. The court erred in ruling otherwise.

The judgment is reversed.