**COLETTI et al. v. CASSIDY, Collector of Internal Revenue.**

No. 2441.

District Court, D. Wyoming.
April 4, 1935.

Ewing T. Kerr, of Cheyenne, Wyo., for plaintiffs.

John C. Pickett, Asst. U. S. Atty., of Cheyenne, Wyo., for defendant.

KENNEDY, District Judge.

This is a suit on the equity side for an injunction restraining and enjoining the defendant collector from selling property of the plaintiffs incident to the collection of taxes assessed upon manufactured and diverted distilled spirits, until the plaintiffs are given an opportunity to be heard as to the legality and validity of said taxes. The bill is met by the defendant with a motion to dismiss upon the ground that the bill states no valid cause of action in equity and that the plaintiffs are not entitled to the equitable relief prayed for.

The bill of complaint alleges that in addition to the notice of the assessed taxes and demand for the payment thereof with the statutory penalty there has been a distraint and levy upon the property of plaintiffs. It is averred that the plaintiffs and neither of them have manufactured, possessed, owned, or controlled any of the liquor upon which the tax described in the bill as a penalty is based, and that the plaintiffs have not been informed against or indicted for any infraction of law in connection with the distilled spirits upon which the demand is made. It is stated in the bill that plaintiffs are unable to pay the assessments, and that if the defendant proceeds in the manner indicated for their collection, a cloud will be cast upon plaintiffs' real estate; that the plaintiffs have been denied due process of law within the meaning of the Federal Constitution (Amendment 5), that they have no plain, adequate, and complete remedy at law, and that the sole object of the suit is to restrain the defendant from selling property of plaintiffs until plaintiffs are given an opportunity to be heard.

The allegations of the bill are supported by the affidavit of one of the plaintiffs, and by the various notices of the assessments and the warrants for distraint. These statements show that the assessments are based upon taxes covering manufactured and/or diverted distilled spirits.

Counsel for plaintiffs chiefly rely upon the cases of Lipke v. Lederer, 259 U. S. 557, 42 S. Ct. 549, 66 L. Ed. 1061, and Regal Drug Corporation v. Wardell, 260 U. S. 386, 43 S. Ct. 152, 67 L. Ed. 318. In Graham v. Du Pont, 262 U. S. 234, at page 254, 43 S. Ct. 567, 569, 67 L. Ed. 965, the Supreme Court, speaking through Mr. Chief Justice Taft, considered a case akin in principle to the case at bar, and opens the discussion with the following language: "Section 3224, Revised Statutes, 26 USCA § 154, provides that 'No suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court.' In Cheatham v. United States, 92 U. S. 85, 88, 23 L. Ed. 561, State Railroad Tax Cases, 92 U. S. 575, 613, 23 L. Ed. 663, and in Snyder v. Marks, 109 U. S. 189, 193, 3 S. Ct. 157, 27 L. Ed. 901, it was said that the system prescribed by the United States in regard to both customs duties and internal revenue taxes, of stringent measures not judicial, to collect them, with appeals to specified tribunals and suits to recover back moneys illegally exacted, was a system of corrective justice intended to be complete, and enacted under the right belonging to the government to prescribe the conditions on which it would subject itself to the judgment of the courts in the collection of its revenues. In the exercise of that right, it declares by paragraph 3224 that its officers shall not be enjoined from collecting a tax claimed to have been unjustly assessed, when those officers, in the course of general jurisdiction over the subject-matter in question, have made the assessment and claim that it is valid. This view has been approved in Shelton v. Platt, 139 U. S.

591, 11 S. Ct. 646, 35 L. Ed. 273, in Pittsburg, etc., Ry. Co. v. Board of Public Works, 172 U. S. 32, 19 S. Ct. 90, 43 L. Ed. 354, in Pacific Steam Whaling Co. v. United States, 187 U. S. 447, 451, 452, 23 S. Ct. 154, 47 L. Ed. 253, in Dodge v. Osborn, 240 U. S. 118, 121, 36 S. Ct. 275, 60 L. Ed. 557, and in Bailey v. George, 259 U. S. 16, 42 S. Ct. 419, 66 L. Ed. 816.''

In speaking of the Lipke and Regal Drug Cases, supra, the court says in 262 U. S. 234, at page 257, 43 S. Ct. 567, 569, 67 L. Ed. 965: "The cases complainant's counsel rely on do not apply. The cases of Lipke v. Lederer, 259 U. S. 557, 42 S. Ct. 549, 66 L. Ed. 1061, and Regal Drug Corporation v. Wardell, 260 U. S. 386, 43 S. Ct. 152, 67 L. Ed. 318, were not cases of enjoining taxes at all. They were illegal penalties in the nature of punishment for a criminal offense.''

■ The solution of the problem in the case at bar is to be found in the determination of the question of whether the assessments here are for taxes or penalties. The notice and warrants appear upon their face to be assessments for taxes. In addition, a tax is recognized as valid whether the distilled spirits upon which the tax is laid is legally or illegally made. United States v. One Ford Coupe, 272 U. S. 321, 47 S. Ct. 154, 71 L. Ed. 279, 47 A. L. R. 1025. It must follow, therefore, that under the proofs in this case the assessment is in the nature of a tax and not an illegal penalty.

■ It is admitted that the plaintiffs have, after the payment of the tax, the right to institute suit upon the refusal of the official to refund upon demand, but plaintiffs contend that on account of their inability to pay the tax or give the requisite bond they are denied due process. This contention is disposed of by the language of Mr. Chief Justice White in Dodge v. Osborn, 240 U. S. 118, 119, at page 122, 36 S. Ct. 275, 276, 60 L. Ed. 557, where it is said: "There is a contention that the provisions requiring an appeal to the Commissioner of Internal Revenue after payment of the taxes, and giving a right to sue in case of his refusal to refund, are wanting in due process, and therefore there is jurisdiction. But we think it suffices to state that contention to demonstrate its entire want of merit.''

In the same case it appears that even the alleged unconstitutionality of a statute imposing a tax does not give the right to enjoin the assessment or collection of it.

There may be some broad language in some of the cases cited by counsel which would indicate that the right to an injunction applies to the assessment of taxes, but considering the very plain language of the Supreme Court, it must be apparent that such language is either obiter or not controlling, as we analyze the decisions of the high court.

The conclusion is that the relief sought cannot be sustained, and a decree may be entered dismissing the suit at plaintiffs' costs.