**JACOBY et al. v. HOEY, Collector of Internal Revenue.**

District Court, S. D. New York.
June 15, 1936.

Lewis Landes, of New York City, for complainants.

Lamar Hardy, U. S. Atty., of New York City (Ralph E. Stone, Asst. U. S. Atty., of New York City, of counsel), for defendant.

GODDARD, District Judge.

This is a motion by the complainants to restrain James J. Hoey, collector of internal revenue of this district, from enforcing against the complainants the collection of an assessment of an alcohol beverage tax in the amount of $48,384 and interest.

The complainants allege that they are engaged in the business of selling at wholesale, distributing, importing, and exporting small items such as drug items, toilet accessories, notions, and that they have conducted their business throughout the United States with retail drugstores, drug jobbers, cosmetic shops, department stores, etc.; that for the past ten years one of the articles handled by them was "alcohol rub," a specially denatured alcohol unfit for beverage purposes, which was purchased by them in six and sixteen ounce bottles; that they have never engaged in the business of manufacturing, preparing, distributing, selling, or purchasing any pure or distilled alcohol suitable for beverages and that their transactions of this character had been exclusively confined to this denatured rubbing alcohol which they resold in the regular channels of business; that no records were made of the names or addresses of the customers or inquiries caused to be made of the ultimate disposition of it; that all their sales were made without any knowledge, purpose, or intention of disposing of the product other than for industrial uses. Complainants further allege that there were no

regulations promulgated by any agency of the United States government controlling the purchase, sale, or distribution of such product, and that no permit was required for the handling of it; that during the period mentioned the United States revenue laws did not provide for the assessment of any tax or penalty on the purchase, sale, or distribution of denatured or rubbing alcohol when conducted, as by complainants. The complaint also alleges that on or about December 30, 1935, the Commissioner of Internal Revenue imposed a penalty upon the complainants for the alleged diversion of the aforementioned denatured alcohol in the guise of a tax collection in the sum of $83,-160 based upon an alleged tax of $2 per proof gallon of distilled alcohol of 41,580 gallons; that this penalty or alleged tax was assessed without any notice or hearing on the part of the complainants, who further assert that the penalty or alleged tax assessment was illegal and discriminatory as there were no regulations or provisions governing the business of the complainants in this denatured alcohol; and further that it imposes a penalty upon the complainants without an opportunity for a hearing; that the defendant placed a lien upon all the property of the complainants on January 9, 1936. After the complainants had filed a claim of abatement with the Commissioner of Internal Revenue without prejudice, the assessment was reduced to the said amount of $48,384, representing a tax of $2 per proof gallon of 24,192 gallons of distilled alcohol; that the complainants have no funds available to pay this claim, and that if the property is sold to satisfy the lien as is now threatened, they will suffer irreparable loss, and as relief the complainants ask for an injunction, temporary and permanent, restraining the collector from enforcing the collection of the alleged assessment of taxes. Affidavits of the deputy collector of internal revenue and the attorney connected with the alcohol tax unit set forth in detail the alleged regularity of the assessment and the proceedings for its collection and the basis upon which the tax was computed and assessed.

Title 26 U.S.C.A. § 1150 provides: "Section 1150. Tax (A) Rate—(1) Distilled spirits generally. On and after January 12, 1934, there shall be levied and collected on all distilled spirits produced in or imported into the United States an internal revenue tax at the rate of $2.-00 on each proof gallon or wine gallon when below proof and a proportionate tax at a like rate on all fractional parts of such proof or wine gallon, to be paid by the distiller or importer when withdrawn from bond. (Feb. 24, 1919, c. 18, § 600 (a) (3), (4), 40 Stat. 1105; Feb. 26, 1926, c. 27, § 900, 44 Stat. 104; Jan. 11, 1934, c. 1, §§ 2, 13, 48 Stat. 313, 316.)"

Title 1, section 4, of the Liquor Law Repeal and Enforcement Act of 1935, 27 U.S.C.A. § 153, provides as follows: "§ 4. Any person who shall produce, withdraw, sell, transport, or use denatured alcohol, denatured rum, or articles in violation of laws or regulations now or hereafter in force pertaining thereto, and all such denatured alcohol, denatured rum, or articles shall be subject to all provisions of law pertaining to alcohol that is not denatured, including those requiring the payment of tax thereon; and the person so producing, withdrawing, selling, transporting, or using the denatured alcohol, denatured rum, or articles shall be required to pay such tax."

Rev.St. § 3224 (26 U.S.C.A. § 154 [see 26 U.S.C.A. § 1543]) provides as follows: "Restraining assessments or collection of taxes. No suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court."

In view of the provisions of section 3224 of the Revised Statutes, if the amount now sought to be collected is a tax and not a penalty, it is settled law that this court may not enjoin its collection. The complainants urge that it is a penalty and not a tax and the determination of this motion depends upon which one it is.

The net result of the several sections dealing with the subject is to impose a tax of $2 per gallon on all distilled spirits, with the provision that if denatured alcohol is not diverted or used for beverages and the laws and regulations established for the purpose of controlling such diversion are complied with, then denatured alcohol is exempted from the tax. This is clearly a tax on the alcohol and not a penalty.

The taxing authorities have satisfied themselves that the regulations have been violated and that the complainants have diverted the alcohol for beverage purposes and that it is taxable.

The assessment on its face is valid and in accordance with the rate of tax upon distilled spirits provided in the Liq-

390

uor Taxing Act of 1934 (26 U.S.C.A. § 1150), subdivision (a) (1).

If the complainants can show that this alcohol was not diverted and that they have complied with all the requirements of law, they will have an opportunity of doing so in a suit which they may bring to recover the taxes which they are now required to pay, but as the amount demanded is a tax and not a penalty, this court has no power to enjoin the present collection of it. See opinion of Judge Dickinson in the Eastern District of Pennsylvania, May 31, 1935, in the case of Joseph B. Kessler, trading as Dellko Mfg. Co., v. W. J. Rothensies, Collector, etc. (D.C.) 15 F.Supp. 387; Coletti v. Cassidy (D.C.) 12 F.Supp. 21.

Counsel for complainants refers to Lipke v. Lederer, 259 U.S. 557, 42 S.Ct. 549, 66 L.Ed. 1061, in support of his contention that the amount which is now demanded from them is not a tax but a penalty. But there the sum of $557.29 sought to be collected was made up of three items; one for $45.83 for double tax, another of $11.46 called penalty, and a further amount of $500 "special penalty"; and the court said, "It lacks all the ordinary characteristics of a tax." Moreover, penalty features of the National Prohibition Law (27 U.S.C.A. § 1 et seq.) have been eliminated from the present acts and they provide only for the imposition of a tax.

The motion for a preliminary injunction is denied. Settle order on notice.